■ DOROTHY G. JOHNSON, Respondent, v. WILLIAM JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Nassau County, dated January 25, 1973 and entered in Suffolk County, which, after a nonjury trial, *inter alia* granted plaintiff a divorce. Judgment affirmed, without costs. No opinion. Shapiro, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J. and Christ, J., dissent and vote to reverse and grant a new trial, with the following memorandum: Plaintiff's evidence consisted of testimony of a single act of physical violence and a generalized claim of bickering and harassment which led her to seek medical assistance. There was no medical proof to support her claim. In our opinion the finding that defendant was guilty of cruel and inhuman treatment is against the weight of the evidence. The law is well settled in this State that, in order to obtain a divorce on the ground of cruel and inhuman treatment, plaintiff must either establish a *pattern* of actual physical violence or, if that is not the situation, the conduct must have been such as seriously to affect plaintiff's health, to threaten to impair it and to render it unsafe to cohabit with defendant (*Rios* v. *Rios,* 34 A D 2d 325, affd. 29 N Y 2d 840). Here, the single act of violence is not sufficient to warrant a divorce (*Rios* v. *Rios, supra*; *Schapiro* v. *Schapiro,* 27 A D 2d 667). Thus, the question is whether the alternate ground of a course of conduct such as above mentioned has been established. At bar, the proof shows that the relations between the parties were trying, unpleasant and at times acrimonious, but there is insufficient proof to show that the bickering and harassment substantially impaired plaintiff's health (*Smith* v. *Smith,* 273 N. Y. 380, 384; *Pearson* v. *Pearson,* 230 N. Y. 141). It has long been held that occasional strife, lack of domestic harmony, frequent quarrels and incompatibility furnish no grounds for a divorce (*Rios* v. *Rios, supra*; *Avdoyan* v. *Avdoyan,* 265 App. Div. 763). Here, the evidence does not rise above quarreling and incompatibility.

■ MARGARET PIERCE, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Appeal by defendant, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated June 21, 1973, as granted plaintiff's motion for leave to serve a late notice of claim. Order reversed insofar as appealed from, on the law and the facts, with $20 costs and disbursements, and motion denied. In our opinion, no satisfactory explanation was given for plaintiff's 11-month delay in making her motion. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.