THOMAS J. SEGRETO, Appellant, v TOWN OF OYSTER BAY, Respondent.—In a proceeding for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County, dated June 14, 1978, which denied the application. Order reversed, without costs or disbursements, and application granted. Serious injuries were sustained by the appellant, then 18 years old, when he fell on a street in the early morning hours of November 24, 1977. He claims he fell "in a pot hole". He believed that the accident occurred on property on which there was located a gasoline service station and a garage. In fact, the property on which he fell is a "marginal road" that belongs to the Town of Oyster Bay. This he learned after he consulted an attorney about the accident for the first time on March 21, 1978. Counsel moved for leave to serve a late notice of claim pursuant to subdivision 5 of amended section 50-e of the General Municipal Law. The appellant indicates that at the time of the motion—which the respondent claims was when it received its first notice of any claim—the condition existed as it had at the time of the accident and that the respondent could have investigated at that time. Instead, the respondent repaired the street. The purpose of the amendments to the statute was to provide greater flexibility in permitting late notices of claim, where a consideration of all relevant factors warranted permission (see *Matter of Beary v City of Rye,* 44 NY2d 398). A particular consideration was to be whether or not the public corporation acquired "actual knowledge of the essential facts" within 90 days "or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5). Among other relevant factors, which are not exclusive, was whether the delay in serving the notice of claim "substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law, § 50-e, subd 5). In our view, this is a case in which permission to file a late notice should be granted. The respondent had "actual knowledge of the essential facts" at the time the

motion was returnable, on April 25, 1978, which is clearly within a reasonable time after the expiration of the 90-day limitation. Therefore, the respondent has not been substantially prejudiced in its defense, especially when one considers that if the street was repaired, knowledge that it needed repair must have existed. We have considered, in addition, that at the time of the accident the appellant was a very young adult, that he consulted an attorney within a reasonable time (three months after he came out of the hospital for the second time, four months after the accident) and that the attorney, in turn, promptly moved to serve the notice of claim. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.