■ SUSAN BEATTY, Appellant, v COUNTY OF SARATOGA, Respondent.— Appeals from orders of the Supreme Court at Special Term, entered December 13, 1978 and June 22, 1979 in Saratoga County, which denied a motion for leave to serve and file a late notice of claim, granted leave to reargue and, upon reargument, adhered to the original decision. In May of 1978, plaintiff moved for permission to serve late notices of claim against the Counties of Schenectady and Saratoga under subdivision 5 of section 50-e of the General Municipal Law. From her moving papers and the proposed

notices, it appears that she was seriously injured on October 27, 1977, when the automobile in which she was riding struck a telephone pole adjoining Glenridge Road near the common border of those counties. Plaintiff attributes identical acts of negligence to each political subdivision in failing, among other items, to adequately design, maintain and sign the road as it approached the site of her mishap. An affidavit by her physician recites that she was hospitalized and confined to her home following the incident and was unable to attend to her personal affairs. It is also undisputed that the Schenectady County Sheriff's office conducted an investigation of the accident shortly after it occurred. Special Term granted the application insofar as it related to Schenectady County, but denied it in all other respects. It thereafter granted plaintiff's motion to reargue and adhered to its original decision refusing her permission to file a late notice of claim against Saratoga County. Although Saratoga County maintains it did not become aware of the essential facts constituting the claim until plaintiff sought the instant relief, we do not regard that circumstance as a sufficient basis to warrant the denial of her motion. The amended statute (see L 1976, ch 745, § 2) directs attention to the question of whether the municipality gained such knowledge within 90 days of the incident "or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5). Here, the nature of the claim was made known within four months after the expiration of the 90-day period. We conclude that this was a reasonable time, particularly since it is not even contended that there has been any subsequent change in the condition of the highway which might hinder the investigation or defense of this action (see *Segreto v Town of Oyster Bay,* 66 AD2d 796). Moreover, we fail to see how the County of Saratoga will be made to suffer any prejudice as a result of this brief delay except, perhaps, that the pertinent events might not be remembered as well by some of the witnesses. Nevertheless, the statute grants discretion to allow the service of a late notice and it would be an abuse thereof to deny permission in this case. It is readily apparent that Special Term accorded determinative significance to the fact that Schenectady County received or was chargeable with actual notice of the incident and failed to give adequate consideration to the factors otherwise favoring plaintiff's position *(Matter of Beary v City of Rye,* 44 NY2d 398; cf. *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). Accordingly, the orders appealed from should be modified to the extent of granting plaintiff's motion for permission to serve a late notice of claim against the County of Saratoga. Orders modified, on the law and the facts, by reversing so much thereof as denied plaintiff's motion for permission to serve a late notice of claim against the County of Saratoga, motion granted, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Mikoll and Casey, JJ., concur.