■ DOMUS DEVELOPMENT CORPORATION, Respondent, v MONROE COUNTY PURE WATER, Appellant. — Judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff, the developer of a residential subdivision in the Gates-Chili-Ogden Sewer District, sought a permit to build a pumping station to serve prospective purchasers and to connect to the district sewer. Plaintiff intended to convey the completed facility and the parcel of land on which it stood to defendant, the agency which administers the Monroe County sewer districts. Pursuant to defendant's 1976 rate schedule developers such as plaintiff were required to pay a one-time charge of $10,000 as a condition of defendant's issuance of a building permit and acceptance of the completed facility. Such charge was to defray the cost of the first year's operation and maintenance. Plaintiff paid the amount under protest, deeded the parcel and the pumping station to defendant, and commenced this suit to recover the $10,000. When the case came up for trial, the court, at the request of the parties, treated the matter as a motion for summary judgment and entered judgment for plaintiff on certain stipulated facts. The court based its determination on the fact that the $10,000 fee could not be justified as either a user charge, ad valorem tax or a special assessment pursuant to sections 266, 270 and 271 of the County Law. Since the authority to assess is purely statutory, and since none of the three statutory methods of assessment were

applicable, the court concluded that defendant was without authority to impose the charge. Although a final determination cannot be made on the limited record before us, the circumstances indicate that there was an attempted dedication of the parcel and the pumping station to defendant. The common-law principle of dedication is one by which there is an intentional donation of land by its owner for a public use. It is in the nature of a contract in that it requires both an offer and an acceptance and is not binding until there has been an acceptance. "[T]he question of dedication and acceptance is one of fact, to be proved or disproved by the acts of the owner and the circumstances under which the land has been used * * * Whether or not a dedication has been consummated in a particular case is to be determined from the acts and declarations of the parties, and all the attending circumstances" (15 NY Jur, Dedication, § 8, p 10; see, also, 11 McQuillin, Municipal Corporations [3d ed], §§ 33.03, 33.05). Plaintiff conveyed the parcel by deed to defendant and defendant accepted it. The use of this improved parcel for the purpose of operating a pumping station and connecting the subdivision sewers to the district system is an appropriate public use and pursuant to section 263 of the County Law defendant agency was the appropriate public body to accept the deed. That section provides in relevant part: "The administrative head or body may acquire by gift, lease, purchase or condemnation, real estate * * * necessary or proper for the purposes of the district". The fact that plaintiff may have also derived a benefit, i.e., that it was relieved of the burden of operating and maintaining the pumping station, does not negate the existence of the requisite intent to dedicate (*Scarborough Props. Corp. v Village of Briarcliff Manor*, 278 NY 370, 377-378). Prior to making its determination to build the pumping station, plaintiff apparently had discussions with various officials of defendant agency. Subsequently a building permit was issued, the fee paid under protest, and the parcel deeded to defendant. Inasmuch as plaintiff's payment of the fee was made under protest, however, we cannot conclude that there was a clear, unequivocal intent to donate the property with that condition. Nor can we say that there was a clear acceptance by the defendant because it certainly appears that the parcel would not have been accepted without payment of the $10,000. Resolution of this issue cannot be made upon the sparse facts in this record but requires a more thorough examination of the negotiations between plaintiff and defendant and a determination of what understanding was reached by the parties prior to the conveyance. (Appeal from judgment of Monroe Supreme Court, White, J. — sewer assessment.) Present — Simons, J. P., Hancock, Jr., Denman, Moule and Schnepp, JJ.