■ ANGEL RODRIGUEZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. — Order, Supreme Court, Bronx County (Callahan, J.), entered April 29, 1981, denying plaintiff's motion for leave to file a late notice of claim, affirmed, without costs. The chronology of events is fairly stated in the dissent. However, in order to obtain leave to serve a late notice of claim under subdivision 5 of section 50-e of the General Municipal Law, a party must give a satisfactory explanation for his delay. (*Pierce v New York City Housing Auth.*, 43 AD2d 842.) Assuming that the plaintiff did have some "contact" with the hospital in February of 1980, he fails to give any explanation as to why he waited until February of 1981 before seeking to make a claim. While the plaintiff maintains that the injury to his ankle was very serious, he does not even state that any medical attention was sought during that one-year period. Upon the superficial affidavit submitted by the plaintiff, this court is left to speculate as to exactly what the plaintiff did and to whom he spoke during that period of delay. The plaintiff's silence on this point is totally unsatisfactory. Moreover, there is no indication in this record to demonstrate that defendants' agents made any statement that discouraged plaintiff from filing a timely notice of claim and bringing a timely action. Likewise, there is no evidence in the record to conclude that the defendants have not been necessarily prejudiced in their investigation of this case from the plaintiff's unexplained delay of one year in seeking to make claim. Concur — Murphy, P. J., Sullivan, Lupiano and Bloom, JJ.

Birns, J., dissents in a memorandum as follows: I would reverse and grant plaintiffs' motion for leave to file a belated notice of claim. Plaintiffs seek to pursue a claim based on the following alleged facts: On May 17, 1979, Angel

Rodriguez (plaintiff) was admitted to Bronx Municipal Hospital Center for treatment of a fractured ankle. By virtue of the negligent care rendered at the hospital, it is claimed the fracture did not heal properly. He was released from the hospital on May 30, 1979 and thereafter was treated as an outpatient. Plaintiff was readmitted to the hospital on October 3, 1979 for additional treatment to the ankle, including surgery scheduled for the next day. However, such surgery was canceled. Plaintiff was merely told he needed physical therapy and he would be contacted by the hospital to set up an appointment. In the absence of any further communication from the hospital, plaintiff initiated an effort to schedule an appointment for physical therapy. He was repeatedly told to wait for the hospital to get in touch with him. With the assistance of a patient advocate, plaintiff finally scheduled an appointment for physical therapy at the hospital on November 27, 1979, which he attended. A further session was arranged but canceled by the hospital. Plaintiff again sought outpatient treatment at the hospital but was rebuffed each time with the message that the hospital would call him in. Plaintiff's last communication with the hospital was in January or February, 1980. His expectation of treatment by the hospital may well have extended beyond this time as respondents never acted to discharge him from their care. Plaintiff, who does not understand or speak English with facility, and who was partially disabled due to the ankle condition, retained a lawyer on January 29, 1981. This motion was brought on promptly in February, 1981 along with the service of a summons and complaint. In my view, this is an appropriate situation in which the late filing of a notice of claim should be permitted, and the denial of such application constitutes an abuse of discretion. The key factor under the governing statute, subdivision 5 of section 50-e of the General Municipal Law, weighs heavily in plaintiff's favor. The statute states: "In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days]". Here, the respondents had such knowledge. Respondents have records, kept in the ordinary course of business, pertaining to the essential facts of plaintiff's treatment. These records will lead them directly to witnesses, respondents' own agents, with personal knowledge of the underlying events (see *Segreto v Town of Oyster Bay,* 66 AD2d 796). Further, implicit in the scheduling of further surgery for plaintiff in October, 1979 was respondents' awareness that initial procedures had been, at the least, unsuccessful and inadequate to meet plaintiff's needs. As far as the outpatient physical therapy treatment prescribed by respondents for plaintiff is concerned, it can be said that respondents at all times have had greater knowledge than plaintiff as to the salient facts of this case. Plaintiff faced a Kafka-like bureaucracy, while respondents must be deemed to have exclusive knowledge of the reasons behind the repeated rebuffs of plaintiff's efforts to obtain treatment. A final factor also weighs heavily in plaintiff's favor. The statute also calls for consideration of the question "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits". The defense of this claim, as indicated above, is hardly "unpreparable", *(Matter of Beary v City of Rye,* 44 NY2d 398, 413-414). Indeed, the two-page affirmation of respondents' counsel, submitted as the sole opposition to this motion, utterly fails to establish any prejudice at all in the delay of at most one year from the termination of plaintiff's treatment by respondents in the bringing of this application. While it would have been desirable for plaintiff to have filed his notice of claim earlier, his failure to do so in these circumstances is readily understandable, particularly considering the confusion engendered by respondents' course of

"treatment". Plaintiff's delay bears no indicia of lack of good faith. It must be concluded that the absolute bar to this action, sustained by the majority, is unwarranted.