■ Joseph Fox, Appellant, v City of New York et al., Respondents. — Appeals (1) from an order of the Supreme Court, Queens County (Rodell, J.), dated May 7, 1981, which denied an application to serve a late notice of claim and (2) as limited by the appellant's brief, from so much of a further order of the same court, dated January 19, 1982, as, upon granting reargument, adhered to the original determination. Appeal from the order dated May 7, 1981, dismissed as academic, without costs or disbursements. Said order was superseded by the order granting reargument. Order dated January 19, 1982, affirmed insofar as appealed from, without costs or disbursements. Appellant, Joseph Fox, a retired New York City police officer, was injured on April 15, 1980 when a vehicle driven by a private party collided with the patrol car in which he was sitting while he was assigned to detour traffic from an oil spill on the Long Island Expressway caused by an earlier accident. On March 15, 1981, 11 months after the accident, appellant, by his attorneys, moved for leave to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. Appellant alleged, in support of his motion, that the accident was caused, in part, by the failure of the New York City Police Department, Fire Department and Sanitation Department to respond quickly to calls to clean up the oil spill. Special Term reached the correct result, pursuant to the discretion vested in it by subdivision 5 of section 50-e of the General Municipal Law, when it denied appellant's application. Subdivision 5 permits a court to consider a number of listed factors and "all other relevant facts and circumstances" in determining whether to extend the time to serve a

notice of claim against a public corporation beyond the usual period of 90 days after the claim arose (General Municipal Law, § 50-e, subd 1, par [a]). That statute provides, "In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter." Appellant has failed to allege sufficient facts to establish that the City of New York had actual knowledge of the facts underlying the claim of negligence on the part of the city agencies within a reasonable time after the occurrence of the accident. The police accident report and line of duty injury report did not furnish the City of New York with actual or constructive notice of appellant's claim, as they merely described the collision between the privately owned vehicle and the police vehicle and made no connection between the accident and the handling of the oil spill by the responsible city agencies (see Matter of Morris v County of Suffolk, 88 AD2d 956). Among the other relevant facts and circumstances which a court may consider in determining whether to extend the time to serve a notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law is whether a sufficient excuse has been given for the delay. In the instant case, appellant has failed to adequately explain the unreasonable delay in bringing the motion for leave to serve the late notice until 11 months after the accident and 8 months after the expiration of the prescribed 90-day period (see Matter of Morris v County of Suffolk, supra; Rodriquez v City of New York, 86 AD2d 533; Williams v Town of Irondequoit, 59 AD2d 1049). Special Term correctly concluded that appellant's physical disabilities did not justify this delay. Appellant has failed to establish, through a medical affidavit by a physician or otherwise, that his physical condition prevented him from taking the necessary steps to file a timely notice of claim (see Klobnock v City of New York, 80 AD2d 854; Nolan v County of Otsego, 55 AD2d 422; but see Heiman v City of New York, 85 AD2d 25). In addition, the affidavits of the appellant and his attorneys did not indicate when appellant first contacted an attorney during the 11-month period and how expeditiously his attorneys acted to bring the motion for leave to serve a late notice of claim (see Rodriquez v City of New York, supra; cf. Segreto v Town of Oyster Bay, 66 AD2d 796). Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.