■ PEDRO MONGE, Appellant, v CITY OF NEW YORK DEPARTMENT OF SOCIAL SERVICES, Respondent. — In a proceeding for leave to serve a late notice of claim pursuant to section 50-e of the General Municipal Law, the appeal is from an order of the Supreme Court, Queens County (Dunkin, J.), dated July 2, 1982, which denied the application. Order reversed, as a matter of discretion, without costs or disbursements, and application granted. Petitioner is the director of the Ollantay Center of the Arts in Jackson Heights, Queens. On September 9, 1981 the Department of Cultural Affairs, which partly subsidizes the center, requested of the Department of Social Services that it provide a watchman for the center, pursuant to the Social Services Public Works Participants Program, which assigns jobs to persons receiving public assistance. The watchman was to be an individual with no criminal convictions or any drug problems. On September 30, 1981 one Gary Holt was assigned to the position of watchman, having completed a form stating that he had no record of convictions for violation of any law. On October 17, 1981 Holt and a companion entered petitioner's home, slashed petitioner's throat, ransacked the house, and left petitioner for dead. Police arrived, took petitioner to the hospital for

treatment, and took details of the crime. Thereafter, petitioner, dissatisfied with the way in which the investigation of the case was progressing, filed a complaint against the police department with the Civilian Complaint Review Board. On November 5, 1981, Holt was arrested and the next day, petitioner pressed formal charges against him. On or about March 27, 1982 petitioner read a press release issued by the office of the Queens District Attorney, in which it was noted that Holt had pleaded guilty as indicted to robbery, assault, and attempted murder. The release referred to the fact that Holt had a 1979 weapons possession conviction. On June 9, 1982, petitioner applied for permission to serve a late notice of claim. The proposed notice of claim reads in pertinent part as follows: "The Department of Social Services of the City of New York negligently failed to check the criminal record of a recipient of its Public Works Participants Program to wit: Gary Holt, which resulted in an assault and slashing of the throat of the claimant." Special Term denied the application holding that petitioner had "failed to demonstrate a sufficient basis for the Court to exercise its discretion to permit late notice of claim". We reverse. In our view, this is a case in which permission to serve a late notice of claim should have been granted. In 1976 the Legislature amended subdivision 5 of section 50-e of the General Municipal Law (L 1976, ch 745, § 2) and provided for more flexible criteria regarding the service of a late notice of claim than had existed prior thereto. Subdivision 5 now provides in pertinent part: "5. Application for leave to serve a late notice. Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one [i.e., 90 days] * * * In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." In the case at bar, petitioner had no knowledge that Holt had been hired by the respondent despite his criminal record until March 24, 1982 at the earliest when the Queens District Attorney's press release indicating same was issued. Indeed, petitioner alleged in his moving papers that he first read that release on March 27, 1982. Petitioner then consulted an attorney, who moved within a reasonable time thereafter for permission to serve a late notice of claim (see *Segreto v Town of Oyster Bay,* 66 AD2d 796; *Matter of Morris v County of Suffolk,* 88 AD2d 956). Moreover the respondent had "actual knowledge of the essential facts" of petitioner's claim at the time of the application which was within a reasonable time after the expiration of the 90-day limitation (see General Municipal Law, § 50-e, subd 5; *Segreto v Town of Oyster Bay, supra,* p 797; see, also, *Beatty v County of Saratoga,* 74 AD2d 662). Under these circumstances, and in the absence of any demonstrable showing by the respondent that its defense has been substantially prejudiced, the application for permission to serve a late notice of claim should have been granted (*Segreto v Town of Oyster Bay, supra; Beatty v County of Saratoga, supra*). Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.