■ GEORGE GRIESHABER, Appellant, v CITY OF NEW ROCHELLE et al., Defendants, and COUNTY OF WESTCHESTER et al., Respondents.—In an action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered February 3, 1984, as denied his motion for summary judgment against defendants County of Westchester and John T. Brady & Co., and for an assessment of damages.

Order reversed, insofar as appealed from, on the law, with one bill of costs, summary judgment granted in favor of plaintiff as against respondents, and matter remitted to the Supreme Court, Westchester County, for an assessment of damages.

Plaintiff submitted sufficient uncontroverted evidence at Special Term that defendants violated Labor Law § 240 (1) by failing to adequately fasten or secure the ladder he was using to repair the roof of the Westchester County Sewerage Treatment Plant *(see, Larson v Herald,* 96 AD2d 1137), and that such failure was a proximate cause of the injuries he sustained as a result of a fall from the unsecured ladder *(Mack v Altmans Stage Light. Co.,* 98 AD2d 468; *Crawford v Leimzider,* 100 AD2d 568). Since neither respondent has offered any proof, other than affirmations of counsel who lacked personal knowledge of the facts, to refute plaintiff's claim, summary judgment should have been granted in favor of plaintiff *(see, Roche v Hearst Corp.,* 53 NY2d 767; *Newman v Greenstein,* 99 AD2d 1018; *cf. Zimmer v Chemung County Performing Arts,* 65 NY2d 513). Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.