In the Matter of EDMUND J. CANNISTRA et al., Respondents, v TOWN OF PUTNAM VALLEY, Appellant

The Supreme Court weighed and considered all the relevant facts and circumstances in determining whether to grant or deny leave to serve a late notice of claim. Its decision is well within the parameters of the discretion reserved to it by General Municipal Law § 50-e (5) and, accordingly, will not be disturbed.

The record shows that the infant petitioner was severely injured when a car in which he was a passenger collided with a truck parked partially on the shoulder and partially on the traffic lane of Peekskill Hollow Road, a county road. The situs of the accident is within the boundaries of Putnam County and the Town of Putnam Valley. The counsel retained by the infant's parents served a timely notice of claim on Putnam County. After the statutory 90-day period in which to timely serve a notice of claim expired, further investigation disclosed that the town is also responsible for monitoring traffic and parking at the situs of the accident. While counsel may have been more diligent in making inquiries that would have revealed the possible liability of the town, an excusable error concerning the identity of the public corporation against which a claim should be asserted may be accepted, where, as in this case, prompt application for relief is made after discovery of the error (cf. Matter of Morris v County of Suffolk, 88

AD2d 956, *affd* 58 NY2d 767). The town has not demonstrated that the delay in serving the notice of claim has prejudiced it in investigating and preparing a defense. We note the existence of a very detailed accident report and diagram, prepared by an officer of the town's police department, after an on-the-scene investigation. This report and diagram sufficed to furnish the town with the ability to investigate the relevant factors contributing to the accident in order to prepare a defense. The town had actual knowledge of the essential facts of the petitioners' claims at the time it received the instant application for leave to serve a late notice of claim, which was made within five months after the expiration of the 90-day period. This was a reasonable time, particularly since there is no evidence that there has been any subsequent change at the situs of the accident which might hinder the investigation or defense of this action *(see, Matter of Edwards v Town of Delaware,* 115 AD2d 205, 206; *Beatty v County of Saratoga,* 74 AD2d 662, 663, *appeal dismissed* 53 NY2d 939; *Monge v City of New York Dept. of Social Servs.,* 95 AD2d 848). Absent a showing that the Supreme Court abused its discretion in granting the petitioners' application, the judgment is affirmed. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.