■ WILLIAM J. ZEBROWSKI et al., Appellants, v TRUSTEES OF THE TOWN OF BROOKHAVEN et al., Respondents.—In an action, *inter alia,* for a judgment declaring the dedication and conveyance of certain parcels of real property by the defendants Trustees of the Town of Brookhaven to the defendant Town of Brookhaven is invalid, the plaintiffs appeal (1) from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated June 17, 1985, which, *inter alia,* upon denying the plaintiffs' motion for summary judgment and granting the defendants' cross motion for summary judgment, declared the dedication and conveyance to be valid, and (2) from an order of the same

court, dated December 16, 1985, which denied their motion which was, in effect, for reargument.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs, lessees of certain parcels of beachfront property known collectively as the West Meadow Beach Property, seek in this action to invalidate the dedication and conveyance of the property by the defendants Trustees of the Town of Brookhaven (hereinafter the trustees) to the defendant Town of Brookhaven. The transfer at issue took place on December 4, 1979, when the Town Board of the Town of Brookhaven and the trustees met in separate sessions and respectively adopted a resolution entitled "Trustees' Dedication and Town Board's Acceptance of West Meadow Beach Property to Town Board for Park Purposes". The Town Board meeting was held first, and immediately thereafter the trustees, whose membership consists of the same individuals who comprise the Town Board *(see,* L 1959, ch 841), met and adopted the same resolution just passed by the Town Board. A deed of conveyance accompanied the resolution.

On appeal, the plaintiffs contend that the dedication must be declared invalid because the Town Board's "acceptance" preceded the trustees' "offer". We cannot agree. "The test of the validity of a dedication, like the test of the validity of other gift or transfer, is, primarily, whether there has been complete relinquishment on the one side and acceptance on the other" *(Scarborough Props. Corp. v Village of Briarcliff Manor,* 278 NY 370, 377). The question whether a dedication has been consummated in a particular case must be determined from the acts and declarations of the parties and all the attending circumstances *(Domus Dev. Corp. v Monroe County Pure Water,* 84 AD2d 929; 43 NY Jur 2d, Dedication, § 6, at 136; *see, Cook v Harris,* 61 NY 448, 454). At bar, there can be no question of the intent of the trustees to dedicate the property, or of the town's intent to accept it. The fact that the Town Board adopted the dedication resolution a few minutes prior to the adoption of the same resolution by the trustees is, under the circumstances, not a ground for invalidating the dedication.

The plaintiffs also allege that the dedication is somehow tainted by the lack of consideration for the conveyance. A dedication is the intentional *donation* of land by its owner for

a public use and is essentially in the nature of a gift. Had the property been conveyed upon the agreement of the municipality to pay for it, the conveyance would constitute not a dedication, but rather a sale of land *(see, Scarborough Props. Corp. v Village of Briarcliff Manor, supra,* at 377-378; *Village of Tarrytown v Woodland Lake Estates,* 97 AD2d 338, 340-341, *appeal and cross appeal dismissed* 63 NY2d 771).

The remaining contentions of the plaintiffs were first raised in their postjudgment motion. Although the plaintiffs designated their motion as one for "renewal and reargument", the motion alleged no new or additional facts which were not before Special Term on the prior motion. Therefore, the motion was, in fact, one to reargue, and no appeal lies from an order denying such a motion *(Wright v General Motors Corp.,* 96 AD2d 510). As the order denying that motion is not appealable, these contentions are, in effect, raised for the first time on appeal. Accordingly, they are not properly before this court *(see, Savino v Nassau Hosp.,* 127 AD2d 579; *American Indus. Contr. Co. v Travelers Indem. Co.,* 54 AD2d 679, *affd* 42 NY2d 1041). Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.