■ KARTIGANER ASSOCIATES, P. C., Appellant, v TOWN OF NEW WINDSOR et al., Defendants, and WEHRAN ENGINEERING,

P. C., et al., Respondents.—In an action, *inter alia,* to recover damages for intentional interference with contractual relations, the plaintiff appeals from an order of the Supreme Court, Orange County (Delaney, J.), dated January 9, 1986, which granted the motion of the defendants Wehran Engineering, P. C., William Stein and Richard Peluso (hereinafter the Wehran defendants) for partial summary judgment dismissing the fifth and sixth causes of action of the complaint insofar as asserted as against them.

Ordered that the order is affirmed, with costs.

The record reveals that the plaintiff submitted only an affidavit of an attorney without personal knowledge of the facts in response to the Wehran defendants' motion for summary judgment. It is clear that unsubstantiated and conclusory allegations of fact by an attorney lacking personal knowledge are patently insufficient to defeat a motion for summary judgment; hence, the dismissal of the instant claims as against the Wehran defendants was proper *(see, David Graubart, Inc. v Bank Leumi Trust Co.,* 48 NY2d 554; *Grieshaber v City of New Rochelle,* 113 AD2d 821, *appeal dismissed* 66 NY2d 1035; *Sheahan v County of Suffolk,* 109 AD2d 832). Moreover, no documentary evidence sufficient to raise a triable issue of fact accompanied the attorney's affidavit *(see generally, Olan v Farrell Lines,* 64 NY2d 1092; *Weingarten v Marcus,* 118 AD2d 640), nor was any reasonable explanation for the absence of factual evidence set forth by the plaintiff *(see, Zuckerman v City of New York,* 49 NY2d 557).

The plaintiff's reliance upon the legal arguments and alleged new evidence presented in support of its motion for reargument of the Wehran defendants' motion for partial summary judgment, which was denied in an order of the same court dated August 11, 1986, is unavailing, since that motion alleged no new or additional relevant facts and was, in reality, solely one for reargument *(see, Zebrowski v Trustees of Town of Brookhaven,* 128 AD2d 704). Since no appeal lies from an order denying reargument *(see, Wright v General Motors Corp.,* 96 AD2d 510), the plaintiff's contentions raised in that motion are not properly before this court *(see, Zebrowski v Trustees of Town of Brookhaven, supra; Savino v Nassau Hosp.,* 127 AD2d 579).

Finally, since the plaintiff at no point alleged any specific instance of misconduct on the part of the Wehran defendants subsequent to the alleged breach of the contract in April 1978, the Supreme Court correctly determined that the claims

asserted in the fifth and sixth causes of action are barred by the applicable Statute of Limitations (see, Kartiganer Assocs. v Town of New Windsor, 108 AD2d 898, appeal dismissed 65 NY2d 925). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.