■ In the Matter of JOSEPH CALI, Appellant. COUNTY OF SUFFOLK et al., Respondents.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Hurley, J.), dated June 6, 1986, which denied his motion for leave to reargue his application to serve a late notice of claim which was denied by a prior order of the same court, dated October 28, 1985.

Ordered that the appeal is dismissed, without costs or disbursements.

The petitioner's motion was actually one for reargument and not renewal as contended. The additional facts presented by the petitioner, pertaining to the duration of his confinement at home for the purpose of recuperation and specific efforts made to ascertain the ownership of the property where the accident occurred were known to him at the time of his original application (see, McFadden v Long Is. R. R., 115 AD2d 644; Erlich v Erlich, 80 AD2d 882; Syracuse Bros. v Darcy, 127 AD2d 588). Since a denial of a motion for reargument is not appealable, the appeal must be dismissed (see, McFadden v Long Is. R. R., supra).

Even if the motion were in the nature of renewal, a review in the exercise of discretion of the additional facts proffered by the petitioner would not warrant the requested relief.

While the petitioner's physical disability is no longer required to be the reason for the delay in order to be considered an element bearing on the court's determination of an application for leave to serve a late notice of claim (see, Heiman v City of New York, 85 AD2d 25), a denial of the instant application is warranted upon weighing and considering all the relevant facts and circumstances, as required by General Municipal Law § 50-e (5).

In the instant case, the petitioner retained counsel 25 days before the 90-day period expired and no action was undertaken to ascertain the owner of the situs of the accident until over three months after the statutory period expired. The contention that an investigation as to the owner of the situs of the accident was precluded because of the petitioner's physical incapacitation is specious. Moreover, after the petitioner discovered from an undisclosed source that the property where the accident occurred might be owned by the respondents,

rather than the United States, an additional two months elapsed before the first application for leave to serve a late notice was brought. A reading of the affidavit of the president of Mutual Abstract Corporation discloses that further delay in ascertaining the owner was, in effect, attributable to the petitioner's and his counsel's repeated failure to furnish the abstract corporation with the requisite information to conduct a title search.

It is undisputed that there are no witnesses to the accident and no police or accident report was ever prepared or filed. Since the proposed notice of claim does not describe with sufficient particularity the situs of the accident *(see, Caselli v City of New York,* 105 AD2d 251), the respondents did not acquire such knowledge until a sketch and photographs of the area were attached as exhibits to the reply papers submitted by the petitioner's counsel on the initial application, which was over seven months after the 90-day statutory period expired. Thus, respondents never acquired actual knowledge of the essential facts constituting the claim within the statutory 90-day period or within a reasonable time thereafter *(cf., Matter of Cannistra v Town of Putnam Val.,* 124 AD2d 801; *Matter of Edwards v Town of Delaware,* 115 AD2d 205; *Beatty v County of Saratoga,* 74 AD2d 662, 663, *appeal dismissed* 53 NY2d 939; *Monge v City of New York Dept. of Social Servs.,* 95 AD2d 848). It is also noteworthy that the date the abstract corporation confirmed the fact the parcel was owned by the town is not disclosed and an additional three months elapsed after the initial application was denied before the instant motion for reargument was served shortly prior to the expiration of the Statute of Limitations *(see, Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767).

Lastly, the petitioner's bare assertion upon information and belief that the allegedly defective condition which precipitated the motorcycle accident has not changed is speculative *(see, Kravitz v County of Rockland,* 112 AD2d 352, *affd* 67 NY2d 685). Even if there were not a very real danger of a changed condition in this case, which would prevent an accurate reconstruction of the circumstances that existed at the time of the accident, the absence of prejudice to the public corporation is not determinative *(see, Matter of Morris v County of Suffolk, supra).* Based on an assessment of all the relevant factors, the denial of the application for leave to serve a late notice of claim was proper. Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.