■ MARTIN MECHANICAL CORPORATION, Appellant, v P. J. CARLIN CONSTRUCTION COMPANY et al., Respondents.—In an action to recover damages for breach of contract, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated August 1, 1985, as granted the defendants' motion for partial summary judgment dismissing the second cause of action in its amended complaint; (2) from an order of the same court (Murphy, J.), dated November 19, 1985, which denied the plaintiff's motion for leave to renew and reargue the defendants' motion for partial summary judgment; and (3) from an order of the same court (McCabe, J.), dated April 23, 1986, which denied the plaintiff's motion for partial summary judgment dismissing the defendants' counterclaim.

Ordered that the appeal from the order dated November 19, 1985 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated August 1, 1985 is affirmed

insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 23, 1986 is reversed, on the law, without costs or disbursements, the motion is granted, and the defendants' counterclaim is dismissed.

With regard to the order dated November 19, 1985, the plaintiff characterized the motion which it determined as one to renew and reargue. However, because it did not present any additional material facts which existed at the time of the original motion but which were not then known to the plaintiff, the motion was in fact solely one for reargument. No appeal lies from an order denying a motion for reargument (see, Matter of Cali [County of Suffolk], 132 AD2d 555; McFadden v Long Is. R. R., 115 AD2d 644; Mader v Mader, 101 AD2d 881; Foley v Roche, 68 AD2d 558).

The order dated August 1, 1985 dismissed the plaintiff subcontractor's second cause of action, which alleged that the defendants contractors breached the parties' contract by actively interfering with and preventing the plaintiff from completing its work in the time specified in the contract, thereby causing delays which resulted in its incurring damages due to increased labor costs. The Supreme Court found that a "no-damage-for-delay" clause in the contract barred the plaintiff from asserting any delay claims against the defendants, regardless of who caused the delays. Such "no-damage-for-delay" provisions are generally enforceable, except that, despite such clauses, "damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309, rearg denied sub nom. Honeywell, Inc. v City of New York, 68 NY2d 753). We agree with the Supreme Court that none of the alleged actions by the defendants which supposedly caused the delays in question fit into any of the above exceptions, but rather merely amounted to bad administration. The defendants' motion papers revealed that other factors, not resulting from the defendants' actions, contributed to the delays. These included an "unforeseen, exceptionally unusual wet subgrade condition [which] delayed excavation and foundation work", the redesign of the piles ordered by the owner of the work site which delayed the start of all structural work that needed to be completed before the

plaintiff could commence its own work, and "several hundred changes to the work" ordered by the owner. The plaintiff argues on appeal that because questions of fact exist as to whether the delays caused by these other factors were or were not *contemplated* by the parties at the time they entered into the contract, its second cause of action should not have been dismissed since a "no-damage-for-delay" clause is not a bar to claims for uncontemplated delays. We disagree. The plaintiff's complaint never alleged that any delays were caused by these other factors, but rather attributed all delays to the defendants' actions. Moreover at no time throughout the pendency of the motions at issue here did the plaintiff raise the argument that the delays caused by these other factors were uncontemplated by the parties. We therefore refuse to consider this argument on appeal.

Similarly, we refuse to consider the plaintiff's argument that its second cause of action should not have been dismissed because the defendants breached other provisions in the contract, as well as fiduciary obligations pursuant to Lien Law article 3-A which obligated them to prosecute any delay claims the plaintiff had against the owner through arbitration or by commencing a lawsuit against the owner on the plaintiff's behalf based upon such claims. Such an argument was not pleaded in the complaint or raised during discovery. The plaintiff only advanced this argument after the case was on the Trial Calendar and the defendants made their motion to dismiss. In effect, the plaintiff improperly attempted to assert a new cause of action without first seeking leave to amend its complaint. This contention is thus not appropriate or relevant to the question of whether the plaintiff's second cause of action should have been dismissed.

We regard to the order dated April 23, 1986, which denied the plaintiff's motion to dismiss the defendants' counterclaim to recover damages for delays, the defendants, in their papers in support of their motion to dismiss the plaintiff's second cause of action, offered to withdraw their counterclaim if and when the plaintiff's second cause of action was dismissed or withdrawn. After the entry of the order dated August 1, 1985, which dismissed the plaintiff's second cause of action, the plaintiff duly moved to dismiss the defendants' counterclaim on the basis of the defendants' offer. The court denied this motion, finding that it was premature as the defendants had not yet pursued their counterclaim at trial, and an appeal from the order dismissing the plaintiff's second cause of action was still pending. This decision was proper at the time.

However, as we are now affirming the order which dismissed the plaintiff's second cause of action, we find it appropriate to grant the plaintiff's motion to dismiss the defendants' counterclaim on the ground that they agreed to withdraw their counterclaim once the plaintiff's second cause of action was dismissed. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.