■ In the Matter of VIRGINIA D'ANDREA et al., Appellants, v CITY OF GLEN COVE PUBLIC SCHOOLS, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e for

leave to file a late notice of claim, the appeal is from a judgment of the Supreme Court, Nassau County (Widlitz, J.), entered August 11, 1987, which denied the petition.

Ordered that the judgment is affirmed, with costs.

On October 7, 1986, the appellant Virginia D'Andrea was allegedly injured when she slipped and fell on a damp area in a hallway of the Robert M. Finley Middle School on Forest Avenue in Glen Cove. The appellants did not serve a timely notice of claim upon the respondent as required by General Municipal Law § 50-e. The appellants then commenced this proceeding for leave to serve a late notice of claim.

We find the denial of the appellants' application for leave to serve a late notice of claim was a proper exercise of discretion since the respondent did not receive actual knowledge of the essential facts constituting the claim within the time limit nor was a valid excuse for the delay provided (see, General Municipal Law § 50-e; *Fox v City of New York,* 91 AD2d 624; *Matter of Raczy v County of Westchester,* 95 AD2d 859).

It does not appear that any accident report was ever prepared or served. The respondent was not informed of the accident until the instant application more than seven months after the occurrence. The appellants retained counsel well within the 90-day period for serving a notice of claim. However, due to an inadequate description by the appellants, ownership of a building at a different location was researched. No other attempts to verify the location and ownership of the accident site were made. When the appellants subsequently discovered that the respondent actually owned the building in question, an additional two months passed before the application for leave to serve a late notice of claim was brought. Given the transitory nature of the condition which allegedly caused the accident and the prejudice which has accrued to the respondent, as well as the failure to provide a valid excuse for the delay, the denial of the appellants' application was proper (see, *Matter of Cali [County of Suffolk],* 132 AD2d 555). Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.