■ BASIE ROSENBLATT et al., Appellants, v CITY OF NEW YORK, Respondent.—In an application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated June 21, 1988, which denied the application.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the application is granted, and the proposed notice of claim is deemed served.

The plaintiff Basie Rosenblatt allegedly sustained serious injury on the morning of January 26, 1988, when she slipped and fell on a patch of ice while walking on a public sidewalk in Brooklyn. At the time of the accident, the plaintiff was four months pregnant. On May 13, 1988, 18 days after the expiration of the statutory 90-day period (see, General Municipal Law § 50-e [1] [a]), the instant application for leave to serve a late notice of claim upon the City of New York was made. It was alleged that Basie Rosenblatt's concern for her physical condition and the well-being of her unborn child prevented the service of a timely notice of claim. The Supreme Court correctly concluded that Basie Rosenblatt's physical condition, which was not established by medical affidavit or hospital records, failed to adequately explain the delay in consulting an attorney and taking the steps necessary to serve a timely notice of claim (see, e.g., Matter of Perry v City of New York, 133 AD2d 692; Fox v City of New York, 91 AD2d 624; Matter of Klobnock v City of New York, 80 AD2d 854; cf., Matter of Savelli v City of New York, 104 AD2d 943). Nevertheless, the absence of an acceptable excuse for the delay does not compel the denial of the instant application (see, Fenton v County of Dutchess, 148 AD2d 573; Matter of Gerzel v City of New York, 117 AD2d 549). Rather, all relevant factors should be considered (see, e.g., Matter of Beary v City of Rye, 44 NY2d 398, 411-416; Matter of Chatman v White Plains Hous. Auth., 101 AD2d 838). Other relevant factors include whether the public corporation received "actual knowledge of the essential facts" within 90 days "or within a reasonable time thereafter" and whether the delay substantially prejudiced the public corporation's ability to defend on the merits (General Municipal Law

§ 50-e [5]). At bar, the city acquired actual knowledge of the essential facts of the plaintiffs' claims at the time it received the instant application for leave to serve a late notice of claim, which was made within 18 days of the expiration of the 90-day statutory period and four days after the plaintiffs first consulted counsel. We find this to be within a reasonable time. In view of the transitory nature of the alleged injury-producing condition, the city's investigation of the claims was no more hindered on the 108th day following the accident than it would have been had notice been served earlier within the 90-day period *(see, e.g., Matter of Cannistra v Town of Putnam Val.,* 124 AD2d 801; *Matter of Edwards v Town of Delaware,* 115 AD2d 205, 206; *Matter of Chatman v White Plains Hous. Auth., supra; Hutchins v Village of Tupper Lake Hous. Auth.,* 72 AD2d 875). Under the facts of this case, including but not limited to the minimal delay, the city has not been substantially prejudiced in preparing its defense *(see, Beatty v County of Saratoga,* 74 AD2d 662, *appeal dismissed* 53 NY2d 939; *Segreto v Town of Oyster Bay,* 66 AD2d 796). We also conclude that the plaintiff Simcha Rosenblatt should be permitted to serve a late notice of claim as to his derivative loss of consortium claim *(see, De Olden v State of New York,* 91 AD2d 1057; *Centelles v New York City Health & Hosps. Corp.,* 84 AD2d 826). Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.