■ In the Matter of State Farm Mutual Automobile Insurance Company, Respondent, v Anthony Barbera, Appellant.—In a proceeding pursuant to CPLR article 75 for a permanent stay of arbitration, Anthony Barbera appeals from an order of the Supreme Court, Queens County (Kassoff, J.), entered May 17, 1988, which denied his renewed motion for leave "to renew and reargue" the petitioner's application for a permanent stay of arbitration.

Ordered that the appeal is dismissed, with costs payable to the petitioner.

It is well established that an appeal does not lie from an order denying reargument *(see, Rivera v Cambridge Mut. Ins. Co.,* 136 AD2d 688, 689; *Martin Mechanical Corp. v Carlin Constr. Co.,* 132 AD2d 688, 689; *Matter of Cali [County of Suffolk],* 132 AD2d 555; *Kartiganer Assocs. v Town of New Windsor,* 132 AD2d 527, 528). A motion which is denominated as one for "renewal and reargument", may be deemed a motion for reargument, the denial of which is not appealable, where either the facts alleged in support of the motion were known to the movant at the time of the original motion, or the allegedly new facts are not relevant or material *(see, e.g., Martin Mechanical Corp. v Carlin Constr. Co., supra; Kartiganer Assocs. v Town of New Windsor, supra; DeFreitas v Board of Educ.,* 129 AD2d 672, 673).

Here, the appellant did not allege any new material facts in support of his motion for "renewal and reargument" and, therefore, the motion was actually one for reargument, the denial of which is not appealable. The correspondence which the appellant contends adds new facts, in fact does nothing more than confirm the earlier concession of his insurer, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), made at the hearing before the Supreme Court, that it consented to settlement of the negligence action brought by the appellant against the driver of the automobile with whom the appellant was involved in an automobile accident. Moreover, the allegedly new facts were known to the appellant at the time of the hearing on State Farm's application for a permanent stay of arbitration inasmuch as the correspondence predated the hearing.

In light of the foregoing, we need not address the parties' other contentions. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.