■ Long Meadow Associates, Appellant, v City of Glen Cove, Respondent, Longmeadow Home Owners Association, Inc., Intervenor, and A.D. Development, Ltd., et al., Third-Party Defendants.—In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated August 11, 1989, as denied its motion for summary judgment and granted the cross motion of the defendant City of Glen Cove for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

In connection with the approval of its site plan and subdivision application, the plaintiff Long Meadow Associates was required to install a sewer system and connect it to the system of the defendant City of Glen Cove. This necessitated the construction of a sewerage pumping facility. The plaintiff and the City subsequently entered into a written agreement whereby the plaintiff was to construct a pumping facility which would accommodate not only the wastewater from its own development, but in addition, the sewerage from proposed subdivisions on neighboring parcels. In return, the City agreed to pay for the cost of constructing the facility, minus the plaintiff's per housing unit share. The City would become liable for this amount upon the plaintiff's making a valid offer of dedication in compliance with the agreement's terms.

The City subsequently entered into separate agreements with the adjacent landowners, the third-party defendants A.D. Development, Ltd. and George and Debra Petkanas, whereby these developers agreed to reimburse the City for their own per unit shares of the pumping facility's construction costs.

Upon completion of the pumping facility, the plaintiff delivered an offer of dedication to the City on January 22, 1988. The plaintiff subsequently forwarded bills for the construction costs amounting to $1,139,246. The City then billed the third-party defendants for their proportionate shares of the total. The third-party defendants refused to pay, whereupon the City declined to reimburse the plaintiff.

The trial court correctly concluded that the agreement between the plaintiff and the City was entered into in violation of the competitive bidding requirements of General Municipal Law § 103 *(see, Gerzof v Sweeney,* 16 NY2d 206). The contract was clearly one for the construction of a "public work involving an expenditure [by the City] of more than seven thousand dollars" (General Municipal Law § 103 [1]), there having been no provision in the agreement guaranteeing that the City would not ultimately become liable for all or part of the facility's construction costs above and beyond the plaintiff's share *(see,* General Municipal Law § 103 [1]; *Domus Dev. Corp. v Monroe County Pure Water,* 84 AD2d 929; 1939 Opns Atty Gen No. 39-271; 1982 Opns St Comp No. 82-43; *see generally, Albion Indus. Center v Town of Albion,* 62 AD2d 478; 1981 Opns St Comp No. 81-276).

The plaintiff's reliance upon *Gerzof v Sweeney* (22 NY2d 297) in support of the assertion that it should not be subjected to a total forfeiture, is misplaced. The limited exception set

forth in *Gerzof* to the rule that violations of General Municipal Law § 103 result in the forfeiture of all payments made by the municipality under the illegal contract is not applicable under the facts of this case, where the City does not stand to be unjustly enriched and the plaintiff retains the benefit of the pumping facility *(see, Gerzof v Sweeney,* 22 NY2d 297, *supra; cf., Elia Bldg. Co. v New York State Urban Dev. Corp.,* 54 AD2d 337; *see also, S. T. Grand, Inc. v City of New York,* 32 NY2d 300).* Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.