■ ANNETTE DOWNEY, Respondent, v MACEDON CENTER VOLUNTEER FIRE DEPARTMENT, Appellant.

Pursuant to General Municipal Law § 50-e (5) and applicable case law, so long as the application is made within the time available for commencement of an action, the court is vested with "broad" discretion to grant or deny the applica-

tion *(Barnes v County of Onondaga,* 103 AD2d 624, 629, *affd* 65 NY2d 664; *Hamm v Memorial Hosp.,* 99 AD2d 638; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, 426, *affd* 51 NY2d 957). The presence or absence of any one factor listed in the statute is not determinative of the motion *(Patterson v Town of Hempstead,* 104 AD2d 975, 976-977; *Matter of Savelli v City of New York,* 104 AD2d 943, 945). Moreover, the statutory list of factors is "directive rather than exclusive" *(Barnes v County of Onondaga, supra,* at 629), and the court must consider not only the factors specified in the statute, but all relevant facts and circumstances *(Williams v New York City Health & Hosps. Corp.,* 93 AD2d 885).

Considering all the relevant factors, we conclude that the court did not abuse its discretion in granting the application. Claimant applied for permission to serve her notice of claim within five or six months of its accrual, well within the one year, 90-day limitations period. That constitutes notice to respondent "within a reasonable time" following expiration of the 90-day period, as contemplated by the statute (General Municipal Law § 50-e [5]). Claimant persuasively contends that, as a result of her accident-induced amnesia, she was incapacitated from protecting her legal interests or pursuing her claim for nearly 90 days following the accident. Moreover, she herself lacked knowledge of the essential facts underlying the claim until she retained an attorney and he undertook an investigation. Thus, claimant had a reasonable excuse for her brief delay in serving the notice of claim.

With respect to respondent's claim of prejudice, we note that prejudice to the respondent is but one factor and is not by itself dispositive. In any event, respondent did not make a particularized or persuasive showing of prejudice. We perceive no reason why respondent cannot interview the same witnesses that claimant's attorney interviewed in conducting his investigation. (Appeal from Order of Supreme Court, Wayne County, Sirkin, J.—Late Notice of Claim.) Present—Denman, P. J., Boomer, Green, Pine and Davis, JJ.