■ Moses Elias, Appellant, v Emmerich Handler et al., Respondents.—In an action, *inter alia,* for rescission of a contract of sale of an interest in a limited partnership and to compel repayment of a loan, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Hurowitz, J.), dated February 5, 1990, which denied his motion for partial summary judgment in his favor in the principal sum of $20,000, and (2) an order of the same court, entered June 7, 1990, which denied his motion for reargument, which was denominated a motion "to reargue and renew".

Ordered that the appeal from the order entered June 7, 1990, is dismissed; and it is further,

Ordered that the order dated February 5, 1990 is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

We reject the plaintiff's contention that his motion for partial summary judgment should have been granted on the ground that the defendants failed to submit affidavits in opposition to the motion. A motion for summary judgment must be denied if any party shows facts sufficient to require a trial of an issue of fact *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Where, as here, the plaintiff has submitted affidavits previously filed by the defendants in support of a prior motion for summary judgment, and those affidavits are therefore before the court, submission of additional copies of the affidavits is not required. Triable issues of fact exist with respect to the circumstances surrounding the conversion of the plaintiff's interest in the venture from a general partnership to a limited partnership, the sale of the plaintiff's limited partnership interest, and the conduct of the parties with respect to the satisfaction of all outstanding debts.

Further, the plaintiff's motion, denominated as one to "reargue and renew", was in effect a motion to reargue, since the plaintiff did not allege any new facts in support of the motion *(see, Matter of State Farm Mut. Auto. Ins. Co. v Barbera,* 161 AD2d 599, 600). As no appeal lies from an order denying reargument, the appeal from the order entered June 7, 1990, must be dismissed.

We have reviewed the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.