■ VINCENT J. CIACCIA et al., Appellants, v ROBERT J. MOORE et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs commenced this action seeking a judgment declaring that they have an easement in and over a 50 by 120 foot parcel of land that borders Hillside Drive in the Suburban Park Subdivision in the Village of Oriskany, Oneida County. The disputed parcel is adjacent to property owned by plaintiffs. Plaintiffs also sought injunctive relief prohibiting defendants from interfering with their use of that parcel. Following a nonjury trial, Supreme Court dismissed the complaint. The trial court rejected plaintiffs' contention that they acquired an easement over that parcel because it had previously been dedicated to the Village of Oriskany for use as a street by

Bryan W. Husted, the developer of the subdivision. The court found that defendants were the owners of the disputed parcel by virtue of a deed, dated August 31, 1986, from the executors of Husted's estate.

Supreme Court properly determined that plaintiffs never acquired an easement over the disputed parcel. The proof established that by deed executed October 21, 1960, Husted offered to convey to the Village of Oriskany land located in the subdivision that was designated Ridge Drive, Hillside Drive and Husted Drive on a subdivision map filed in the Oneida County Clerk's Office. The deed provided that the conveyance was "made and accepted upon the mutual understanding and agreement that the said areas will be dedicated, used and maintained as public streets and highways forever". The disputed parcel was not a part of those streets. On the subdivision map, that parcel bore the caption "Reserve for Future Street". The Board of Trustees of the Village of Oriskany accepted the dedication by resolution at its December 13, 1960, meeting. That resolution contained a description of the land accepted for dedication as follows: "extension of Hillside Drive to a point 200 feet past intersection of Husted Drive; all of Husted Drive and extension of Ridge Road 200 feet past intersection of Husted Drive".

It is well settled that "[t]he test of the validity of a dedication, like the test of the validity of other gift or transfer, is, primarily, whether there has been complete relinquishment on the one side and acceptance on the other" *(Scarborough Props. Corp. v Village of Briarcliff Manor,* 278 NY 370, 377; *see also, Zebrowski v Trustees of Town of Brookhaven,* 128 AD2d 704, 706, *lv denied in part and lv dismissed in part* 72 NY2d 829). " '[T]he question of dedication and acceptance is one of fact, to be proved or disproved by the acts of the owner and the circumstances under which the land has been used * * * Whether * * * a dedication has been consummated in a particular case is to be determined from the acts and declarations of the parties, and all the attending circumstances' " *(Domus Dev. Corp. v Monroe County Pure Water,* 84 AD2d 929, 930, quoting 15 NY Jur, Dedication, § 8). Moreover, "[t]he intent to dedicate may be shown by either acts or declarations so long as that 'act or declaration on the part of the owner show[s] a present, fixed, unequivocal purpose to dedicate' [citations omitted]. Similarly, the acceptance of the offer by the public, requires 'the same unequivocal and convincing proof necessary to prove an intent to dedicate' [citation omitted] and the burden or proof lies on the party asserting that

the land has been dedicated" *(Winston v Village of Scarsdale,* 170 AD2d 672, 673, *lv denied* 78 NY2d 855).

Here, plaintiffs failed to meet their burden of proving that the disputed parcel either was offered to the Village of Oriskany for dedication or was accepted by the Village Trustees for that use.

Finally, Supreme Court properly found that defendants acquired title to the subject parcel by warranty deed, dated August 31, 1986, from the executors of the estate of B.W. Husted.

Therefore, judgment is granted declaring that plaintiffs have no easement in or over the 50 by 120 foot parcel that is the subject of this action. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.