■ In the Matter of ROBIN ROTOLI et al., Respondents, v TOWN OF GAINES et al., Appellants.—Order unanimously affirmed with costs. Memorandum: Respondents appeal from an order granting claimants' motion for leave to serve a late notice of claim. The claim accrued on September 18, 1990, and claimants made application pursuant to General Municipal Law § 50-e (5) on July 22, 1991.

It is well-established that so long as the application is made within "the time limited for the commencement of an action" (General Municipal Law § 50-e [5]), the court is vested with broad discretion to grant or deny the application *(see, Downey v Macedon Ctr. Volunteer Fire Dept.,* 179 AD2d 999; *Barnes v County of Onondaga,* 103 AD2d 624, 627, *affd* 65 NY2d 664; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, 426, *affd* 51 NY2d 957). The presence or absence of any one factor enumerated in the statute is not necessarily determinative of the application *(see, Matter of Savelli v City of New York,* 104 AD2d 943, 945) and the list of statutory factors is "directive rather than exclusive" *(Barnes v County of Onondaga, supra,* at 629). The court must consider not only the factors enumerated in the statute, but all relevant facts and circumstances *(see, Downey v Macedon Ctr. Volunteer Fire Dept., supra).*

Upon our review of the record, we conclude that the court properly exercised its discretion in granting claimants' application *(see, Downey v Macedon Ctr. Volunteer Fire Dept., supra; Rosenblatt v City of New York,* 160 AD2d 927; *Matter of Cannistra v Town of Putnam Val.,* 124 AD2d 801). Claimants

applied for permission to serve their notice of claim within 10 months of its accrual, well within the 1 year, 90-day limitations period *(see,* General Municipal Law § 50-i). Claimants persuasively contend that it was first revealed that respondents assumed certain responsibilities for removal and trimming of the foliage along Transit Road pursuant to contracts entered into with the County of Orleans following their investigation of the accident. Immediately upon discovery of those facts, claimants made their application. Under those circumstances, claimants proffered a reasonable excuse for the delay *(see, Matter of Cannistra v Town of Putnam Val., supra; Fox v City of New York,* 91 AD2d 624, 625). Respondents made no persuasive showing that the delay caused them substantial prejudice. While the exact conditions of the accident scene cannot be reconstructed, claimants correctly note that precise reconstruction could not have been effected had the claim been timely served *(see, Matter of Harris v Dormitory Auth.,* 168 AD2d 560). Moreover, given the extensive publicity and news media coverage of the fatal accident giving rise to the claim, including the existence of a videotape of the accident scene made on the date the accident occurred, we perceive no deprivation to respondents of the opportunity to conduct an investigation of the essential facts constituting the claim. (Appeals from Order of Supreme Court, Orleans County, Gorski, J.—Late Notice of Claim.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.