■ DONALD MACKEY, Appellant, v JOHN MACKEY, Respondent, et al., Defendants.—In an action, *inter alia,* to set aside a deed on the ground of fraud and undue influence, the plaintiff appeals from (1) an order of the Surrogate's Court, Kings County (Bloom, S.), entered August 25, 1987, which granted the defendant John Mackey's cross motion, *inter alia,* for summary judgment dismissing the complaint as against him, and (2) an order of the same court, dated August 30, 1988, which denied his motion denominated as one for renewal of the defendant John Mackey's cross motion, *inter alia,* for summary judgment dismissing the complaint, and denied his motion for leave to amend the complaint.

Ordered that the order entered August 25, 1987 is affirmed for reasons stated by Surrogate Bloom in his memorandum decision dated August 4, 1987; and it is further,

Ordered that the appeal from so much of the order dated August 30, 1988 as denied the motion denominated as one for renewal is dismissed; and it is further,

Ordered that the order dated August 30, 1988 is otherwise affirmed; and it is further,

Ordered that the defendant John Mackey is awarded one bill of costs payable by the plaintiff.

The plaintiff's motion, characterized as one for renewal of the defendant John Mackey's cross motion, *inter alia,* for summary judgment dismissing the complaint, was not based upon new facts which were unavailable at the time he submitted his original opposition to that defendant's cross motion, and is therefore actually a motion to reargue, the denial of which is not appealable *(see, e.g., Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639; *Matter of Kadish v Colombo,* 121 AD2d 722). Even if the motion were deemed one for renewal, it was properly denied as the plaintiff has not offered a reasonable excuse for his failure to submit the additional facts at the earlier time *(see, Matter of Bosco,* 141 AD2d 639, *supra; Caffee v Arnold,* 104 AD2d 352).

In light of our determination, we need not address the

plaintiff's other contention. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.