■ GERTRUDE TOBJY, Also Known as JUDY TOBJY, Respondent, v RALPH A. TOBJY, Appellant.—In a proceeding pursuant to CPLR articles 51 and 54 to enforce an Oklahoma judgment of divorce, the defendant husband appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated March 1, 1989, as (a) denied those branches of his cross application which were for the imposition of a "constructive trust regarding the property located at 750 Schenck Avenue, Brooklyn, New York" and for "reimbursement for any of the costs incurred in maintaining [that] property", (b) directed him to convey title to the properties located at "750 Schenck Avenue, Brooklyn, New York" and "3621 South 132nd East Avenue, Tulsa, Oklahoma, solely in * * * Gertrude (Judy) Tobjy's name" within 10 days of service of the order with notice of entry, and (c) upon his failure to convey the property located in Brooklyn, authorized the Sheriff of Kings County "to execute and deliver a deed to the propert[ies] pursuant to CPLR 5107", and (2) from an order of the same court, dated April 12, 1989, which denied his motion denominated as one for renewal.

Ordered that the order dated March 1, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated April 12, 1989, is dismissed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Upon our review of the record, we find that the District Court of Tulsa County, Oklahoma had personal jurisdiction over the defendant husband who personally appeared in the action for divorce and ancillary relief. Accordingly, the judgment of divorce rendered by that court is entitled to full faith and credit in New York *(see,* US Const, art IV, § 1; *Williams v North Carolina,* 317 US 287; *Fauntleroy v Lum,* 210 US 230, 236-237). Inasmuch as the Oklahoma court had in personam jurisdiction over the parties, it also had equity jurisdiction with respect to the realty owned by the appellant outside of Oklahoma *(see, Ralske v Ralske,* 85 AD2d 598, 599; *Miller v Miller,* 109 Misc 2d 982, 983). We find that the defendant husband's collateral challenges to the judgment of divorce are without merit. Thus, the Supreme Court properly directed the appellant to comply with the terms of the divorce judgment. Accordingly, the order dated March 1, 1989, is affirmed insofar as appealed from.

We find that the husband's motion, characterized as one for renewal, was not based upon new facts unavailable at the time he submitted his original opposition to the wife's application for enforcement of the judgment of divorce, and is therefore actually a motion to reargue, the denial of which is not appealable (see, e.g., Mgrditchian v Donato, 141 AD2d 513; Matter of Bosco, 141 AD2d 639; Matter of Kadish v Colombo, 121 AD2d 722; see also, Caffee v Arnold, 104 AD2d 352). Consequently, his appeal from the order dated April 12, 1989, is dismissed. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.