■ ISMAEL DIAZ-TIRADO et al., Respondents, v JULIUS RIVERA, JR., et al., Appellants.—Orders, Supreme Court, Bronx County (Barry Salman, J.), entered on or about June 3, 1988, which, *inter alia,* held the defendants in contempt and granted plaintiffs judgment in the amount of $90,500, unanimously affirmed, without costs. Orders of the same court entered April 7, 1989 and December 13, 1989, which, *inter alia,* deemed defendants' motion for renewal pursuant to CPLR 2221 and for vacatur of prior orders pursuant to CPLR 5015 a motion for reargument, and denied reargument, unanimously affirmed, without costs.

The order holding the defendants in contempt was proper. The record sufficiently supports the IAS court's conclusion that the defendants willfully refused to participate in a court-ordered closing on the subject real property.

The motion for renewal and vacatur should not have been deemed a motion for reargument, since the defendants purported to act on new evidence. Nevertheless, nothing in the record indicates that this purported evidence was newly discovered, and the defendants' bad faith and dilatory conduct in this action militate strongly against discretionary renewal where the facts were known to the parties at the time of the original motion (cf., Oremland v Miller Minutemen Constr. Corp., 133 AD2d 816). Similarly, to the extent that defendants moved to vacate prior orders on the basis of alleged fraud, the record shows that the moving defendants lacked good faith and had been dilatory in asserting their rights (Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d 451). Nor is there persuasive evidence of gross fraud practiced on the court (see, Marine Off. of Am. Corp. v Regal Accessories, 162 AD2d 232). Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.