◼ GERTRUDE (JUDY) TOBJY, Respondent, v RALPH A. TOBJY,

Appellant.—In a proceeding pursuant to CPLR articles 54 and 51 to enforce an Oklahoma divorce judgment, the defendant husband appeals (1) from an order of the Supreme Court, Kings County (Rigler, J.), dated August 24, 1989, which (a) denied his application to enlarge the record on appeal on a prior appeal, (b) refused to entertain his application to void on grounds of religious fraud the parties' marriage which had already been dissolved by the Oklahoma judgment of divorce, (c) denied his application for leave to enter a money judgment against his former wife for payment of certain taxes for which the parties were allegedly jointly liable, (d) denied his application for a judgment declaring that his former wife had waived her interest in the parties' real property in Brooklyn which had been awarded to her by the Oklahoma judgment, and (e) imposed sanctions and costs against him; and (2), as limited by his brief, from so much of an order of the same court, dated November 8, 1989, as denied his application for an evidentiary hearing on the issue of enlarging the record on the prior appeal.

Ordered that the appeal from so much of the order dated August 24, 1989, as denied the application to enlarge the record on appeal is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated August 24, 1989, as imposed costs and sanctions against the appellant is dismissed as academic, without costs or disbursements, since that provision was vacated by the order dated November 8, 1989; and it is further,

Ordered that the order dated August 24, 1989, is affirmed, insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeal from that portion of the order dated November 8, 1989, as denied the application for a hearing on the issue of enlarging the record is dismissed as academic, without costs or disbursements.

Although the former husband appeals from the provision of the order dated August 24, 1989, imposing sanctions and costs against him, that provision of the order was vacated in the subsequent order dated November 8, 1989. Accordingly, the appeal from that provision of the order dated August 24, 1989, must be dismissed as academic.

The former husband's application to enlarge the record on an appeal previously heard by this court is academic, since that appeal has been decided (see, Tobjy v Tobjy, 163 AD2d

303). Since the former husband's application for an evidentiary hearing was nothing more than a repetition of that application to enlarge the record on the prior appeal, the appeal from the order dated November 8, 1989, has been rendered academic.

The former husband's application for a declaration that the former wife had waived her right to real property in Brooklyn was nothing more than a reformulation of his prior application for the imposition of a constructive trust upon that property. Since the constructive trust claim was previously considered and rejected by this court upon the earlier appeal, the resolution of that issue has become law of the case *(see, Tobjy v Tobjy, supra)*.

The court properly denied the remainder of the appellant's applications as these were undoubtedly nothing more than indirect attempts to relitigate the merits of the foreign judgment of divorce, which is entitled to full faith and credit *(see, Tobjy v Tobjy, supra)* and to amend the judgment based upon subsequent events *(see, Board of Trustees v W. Wilton Wood, Inc.,* 97 AD2d 781, 782). Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.