■ STUART P. KONECKY, Respondent, v HARVEY HOROWITZ et al., Appellants, et al., Defendants.—In an action based on a series of promissory notes, the defendants Harvey Horowitz, Shirley Horowitz, Dennis Waschitz, Roni Waschitz, Frank Catapano, and Sarah Catapano appeal from an order of the Supreme Court, Nassau County (Goldstein, J.), dated April 12, 1990, which denied their motion (1) which was denominated as for renewal, but which was, in effect, for reargument of a prior motion by the plaintiff for summary judgment against them, which had been granted in an order of the same court dated June 6, 1989, and (2) for leave to serve an amended answer.

Ordered that the appeal from so much of the order as denied that branch of the appellants' motion which was, in effect, for reargument, is dismissed; and it is further,

Ordered that the order is otherwise affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In an order dated June 6, 1989, the Supreme Court granted the plaintiff's motion for summary judgment against the appellants. No appeal from that order was taken.

In an order entered June 12, 1989, the court denied a motion by the appellants for reargument. No appeal was taken from that order either.

In September 1989 the appellants made another motion, this time characterizing the relief sought as leave to renew the plaintiff's motion for summary judgment, and for leave to amend their answer. This motion was also denied, and this appeal ensued.

The appellants now contend that summary judgment was granted in favor of the plaintiff and against them, "due to the fact that [their] prior attorney * * * failed to allege evidentiary facts in support of their defenses". The appellants note that they failed to appeal from the order dated June 6, 1989, because "there would [have been] no merit to an appeal" from that order. They contend that the Supreme Court should have granted them leave to renew, based on the allegedly new evidence which they submitted. They further state that this

new evidence "had been made known to [their] prior attorney" but that, due to that prior attorney's supposed neglect, this evidence "had not been presented to the Court in the papers their prior attorney had prepared".

This court has held, in a series of cases, that a motion characterized as one for renewal must instead be considered as one for reargument where the additional facts submitted to the court in connection with the subsequent motion could have been submitted to the court together with the earlier motion *(see, e.g., Matter of State Farm Mut. Auto. Ins. Co. v Barbera,* 161 AD2d 599, 600; *Mackey v Mackey,* 151 AD2d 554; *Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639; *Martin Mechanical Corp. v Carlin Constr. Corp.,* 132 AD2d 688, 689; *Matter of Cali [County of Suffolk],* 132 AD2d 555; *DeFreitas v Board of Educ.,* 129 AD2d 672, 673; *Mader v Mader,* 101 AD2d 881). No appeal lies from an order denying reargument *(e.g., Mackey v Mackey, supra).*

In the present case, there is insufficient proof that the new material submitted on the appellants' latest motion could not have been previously submitted. On the contrary, it is virtually conceded that this material could have been produced in a prior application, and the alleged negligence of the appellants' prior counsel is essentially the only reason why this material was in fact not timely produced. The Supreme Court properly declined to consider this material *(cf., Patterson v Town of Hempstead,* 104 AD2d 975), and the appeal from so much of the order as denied that branch of the motion which was in effect for reargument must be dismissed.

So much of the order as denied that branch of the motion which was for leave to serve an amended answer must be affirmed. Leave to serve an amended answer was properly denied, since the plaintiff had already been awarded summary judgment against the appellants in the order dated June 6, 1989. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.