■ GERTRUDE TOBJY, Also Known as JUDY TOBJY, Respondent, v RALPH A. TOBJY, Appellant.—In a proceeding pursuant to CPLR articles 54 and 51 to enforce an Oklahoma divorce judgment, the defendant husband appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated March 15, 1990, as (1) denied his motion to vacate a prior order of the same court dated March 1, 1989, transferring title to certain real property to the plaintiff wife, and (2) imposed $500 in costs "pursuant to Domestic Relations Law § 238".

Ordered that the appeal from so much of the order as denied the defendant's motion to vacate the prior order is dismissed, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as reviewed, as a matter of discretion, without costs or disbursements, and the award of $500 in costs is vacated.

In 1983, the District Court for Tulsa County in the State of Oklahoma decreed that the plaintiff Gertrude Tobjy "is to receive as her separate property, free and clear of any claims, rights, or interest whatsoever of Defendant [appellant Ralph Tobjy] [t]he home located in Brooklyn, New York". Seven years later, the defendant-appellant's efforts to avoid the enforcement of this decree continued.

In an order dated March 1, 1989, the Supreme Court, Kings County (Rigler, J.) denied the defendant's application to impose a constructive trust on the property mentioned above, and directed him to convey title to the property to the plaintiff. Finding that the defendant's "collateral challenges to the [Oklahoma] judgment of divorce are without merit", this court affirmed that order insofar as appealed from *(Tobjy v Tobjy,* 163 AD2d 303). This court also dismissed an appeal from an order of the same court dated April 12, 1989, which denied what was denominated a motion for leave to renew,

but which was in fact a motion for leave to reargue *(Tobjy v Tobjy, supra,* at 304).

In an order dated August 24, 1989, the Supreme Court denied a subsequent motion by the defendant for assorted relief, including a declaration that the plaintiff had waived her interest in the subject property. Characterizing this branch of the motion as a mere "reformulation" of arguments advanced in support of the defendant's earlier application, this court rejected the defendant's challenge to the order dated August 24, 1989, as well *(see, Tobjy v Tobjy,* 173 AD2d 694, 696).

By notice of motion dated February 23, 1990, the defendant made yet another motion in the Supreme Court, this time requesting, among other things, vacatur of the order dated March 1, 1989. This motion was denied in the order dated March 15, 1990, from which the defendant now appeals.

In characterizing the nature of the relief sought by the defendant in the motion now before us, we can do no better than to quote from our description of the nature of the relief which he had sought in one of his several prior appeals. The present motion represents "nothing more than [an] indirect attempt * * * to relitigate the merits of the foregoing judgment of divorce, which is entitled to full faith and credit" *(Tobjy v Tobjy,* 173 AD2d 695, 696, *supra,* citing *Tobjy v Tobjy,* 163 AD2d 303, *supra).* The present motion is, in other words, an application for essentially the same relief as that which has been sought, and previously denied. Since it is not based on new information which could not have been submitted to the court in connection with the prior motions, the present motion is deemed to be one for leave to reargue. No appeal lies from an order denying reargument *(see, Konecky v Horowitz,* 177 AD2d 685; *Matter of State Farm Mut. Auto. Ins. Co. v Barbera,* 161 AD2d 599, 600; *Mackey v Mackey,* 151 AD2d 554; *Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639; *Martin Mechanical Corp. v Carlin Constr. Corp.,* 132 AD2d 688, 689; *Matter of Cali [County of Suffolk],* 132 AD2d 555; *DeFreitas v Board of Educ.,* 129 AD2d 672; *Mader v Mader,* 101 AD2d 881). Thus, the appeal from so much of the order as denied the defendant's motion is dismissed.

The order appealed from must, however, be reviewed and reversed to the extent that it awarded $500 in costs to the plaintiff "pursuant to Domestic Relations Law § 238". Domestic Relations Law § 238 does not authorize the award of costs in proceedings to compel the conveyance of title to real

property *(see, e.g., Gabrelian v Gabrelian,* 108 AD2d 445). Although the defendant's motion for vacatur of the prior order dated March 1, 1989, may well have qualified as frivolous *(see,* 22 NYCRR 130-1.1), we decline to award sanctions at this point, only based upon the assumption that, owing to the defendant's ignorance of the law, he failed to comprehend the degree to which his motion was meritless. This consideration should not deter any court from imposing sanctions in the future, in the event that the defendant should make yet another application for the same relief as that sought herein. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.