■ WAVECREST APARTMENTS CORP. et al., Appellants, v RICHARD JARMAIN et al., Individually and as Executors of LUCILLE JARMAIN, Deceased, et al., Respondents, et al., Defendant.—In an action to recover damages for breach of contract, breach of warranty, and fraud, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered April 9, 1990, as denied their motion for leave to amend the ad damnum clause of their complaint, and (2) an order of the same court, dated July 25, 1990, which denied what was characterized as a motion for "renewal and reargument".

Ordered that the order entered April 9, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated July 25, 1990, is dismissed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In their complaint, the plaintiffs demanded judgment against the defendants Richard and Robert Jarmain, individually and as executors of the estate of Lucille Jarmain, "in a sum not less than $500,000".

The several plaintiffs include a domestic cooperative apartment corporation, and a number of individuals who entered into contracts with the defendants' testatrix to purchase shares in that corporation. The plaintiffs allege that the defendants' testatrix breached these contracts, breached certain warranties, and committed fraud, in that she misrepresented the condition of the building in which the cooperative apartments are located.

The plaintiffs moved for permission to increase their ad

damnum clause so as to demand judgment "in a sum not less than $1,000,000". Their attorney stated, in his affirmation in support of this motion, that "[i]n the Fall of 1989, the plaintiffs learned * * * that the damages suffered exceeded those claimed in the original complaint".

In an order entered April 9, 1990, the Supreme Court denied that relief. In its decision, the court correctly noted that counsel's assertion as to the need for an amendment of the ad damnum clause was "conclusory".

Thereafter, the plaintiffs sought leave to reargue or renew their prior motion. This motion was supported by additional factual information, including detailed statements of the costs incurred by the plaintiff corporation in making certain repairs. According to these statements, the costs incurred by the plaintiff corporation came to a sum total of $869,126.98.

In an order dated July 25, 1990, the court denied the plaintiffs' second motion. The court concluded that the granting of leave to reargue was not warranted because the plaintiffs had failed to demonstrate that, in arriving at its earlier decision and order, the court had misapprehended a material fact, or had misapplied a controlling rule of law. The court also denied the plaintiffs' application, insofar as it was for leave to renew, because the plaintiffs failed to offer a valid excuse for not including the additional facts upon the original application (see, 300 W. Realty Co. v City of New York, 99 AD2d 708, 709). These appeals followed.

The appeal from the order dated July 25, 1990 must be dismissed. The motion, denominated as one for "renewal and reargument", was in fact, for reargument only, because there was no excuse for the failure to produce the purported new information on the original motion to amend the ad damnum clause. The denial of such a motion is not appealable (see, Chiarella v Quitoni, 178 AD2d 502; Mucciola v City of New York, 177 AD2d 553; Konecky v Horowitz, 177 AD2d 685; Wodecki v Carty, 167 AD2d 398; Tobjy v Tobjy, 163 AD2d 303; Dunn v American Home Assur. Co., 158 AD2d 505; Spear v Herbert, 152 AD2d 558; Huttner v McDaid, 151 AD2d 547; Mgrditchian v Donato, 141 AD2d 513).

The factual material submitted by the plaintiffs on their second motion was admittedly available in the fall of 1989, when they showed it to the attorneys for the defendants. Since this factual material was inexcusably omitted from the plaintiffs' first motion, its inclusion in the plaintiffs' second motion does not change the essential nature of that motion from one

for leave to reargue to one for leave to renew. The appeal from the order denying that motion is, therefore, dismissed.

The order entered April 9, 1990, is affirmed insofar as appealed from. The court did not improvidently exercise its discretion in denying that branch of that motion which was to amend the ad damnum clause, particularly in light of the plaintiffs' failure to produce competent proof tending to show the need for an increase in the ad damnum clause (*see, e.g., Century Resources Corp. v Weir*, 134 AD2d 398). Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.