■ KEVIN OLSON, Respondent, v SMITHTOWN MEDICAL SPECIALISTS, P. C., Appellant. [602 NYS2d 649] —In an action for an accounting, the defendant appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered April 8, 1991, which denied its motion for summary judgment dismissing the complaint and severing its counterclaims.

Ordered that the order is affirmed, with costs.

The plaintiff's amended complaint alleged that he had entered into an oral partnership agreement or, in the alternative, a joint venture agreement, with the defendant professional corporation. The plaintiff further alleged that, as a partner, he received a share of the profits from the enterprise. The defendant moved for summary judgment dismissing the amended complaint.

On a motion for summary judgment, the movant must establish his cause of action sufficiently to warrant judgment in his favor as a matter of law *(see, Zuckerman v City of New*

*York,* 49 NY2d 557, 562). The opposing party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact *(Zuckerman v City of New York, supra,* at 562). The issue of whether a partnership or joint venture exists is a question of fact *(see, Brodsky v Stadlen,* 138 AD2d 662; *see also, Ramirez v Goldberg,* 82 AD2d 850). If an individual receives a share of the profits of a business, it is prima facie evidence that he is a partner in the business, as long as these profits were not received by an employee as wage payments *(see,* Partnership Law § 11 [4] [b]). We find that the plaintiff demonstrated a triable issue of fact as to whether a partnership or joint venture was formed between the plaintiff and the defendant professional corporation. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.