■ EDWARD A. DIORIO, JR., Appellant, v CITY OF NEW YORK et al., Appellants, and HARRY M. STEVENS, INC., Respondent. [609 NYS2d 304] —In an action to recover damages for personal injuries, the defendants City of New York and Doubleday Sports, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 4, 1992, as, granted the plaintiff's motion to renew their motion for summary judgment dismissing the complaint insofar as it is asserted against them, vacated a decision of Justice Nahman dated November 11, 1991, granting that motion for summary judgment, and thereupon reinstated the plaintiff's cause of action against them, and the plaintiff separately appeals, as limited by his brief, from a judgment of the same court, entered August 10, 1992, which, inter alia, dismissed his complaint insofar as it is asserted against the defendant Harry M. Stevens, Inc.

Ordered that the order is reversed insofar as appealed from and the plaintiffs' renewed motion is denied; and it is further,

Ordered that the judgment entered August 10, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the appellants are awarded one bill of costs, payable by the plaintiff.

We find that the Supreme Court improvidently exercised its discretion in treating the plaintiff's motion, denominated as one for reargument, as one for renewal of the motion of the defendants City of New York and Doubleday Sports, Inc., for summary judgment, and upon renewal, denying summary judgment to those defendants. The record indicates that the plaintiff was aware of the facts upon which the motion to renew was based at the time of the original motion for summary judgment and he offered no excuse as to why these facts were not supplied in the papers submitted in opposition to the original motion (see, Caffee v Arnold, 104 AD2d 352). Accordingly, the motion was in the nature of reargument (see, Huttner v McDaid, 151 AD2d 547; Mackey v Mackey, 151 AD2d 554). Even if we were to conclude that the court properly exercised its discretion in effectively granting reargument, we would find that the original determination on the prior motion should have been adhered to because the plaintiff failed to allege that the Supreme Court overlooked or misapprehended facts, or misapplied any controlling principle of law (see, Pro Brokerage v Home Ins. Co., 99 AD2d 971).

The Supreme Court properly granted summary judgment to defendant Harry M. Stevens, Inc. It presented prima facie evidence of its entitlement to judgment as a matter of law and the plaintiff failed to present any evidence in admissible form to establish the existence of material issues of fact. Specifically, the plaintiff failed to present any evidence that the defendant Harry M. Stevens, Inc., had any duty to clean the exit ramps at Shea Stadium. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.