■ TARA CAMARDO et al., Appellants, v COLIN P. ASTARITA, Respondent. [620 NYS2d 291] —In an action to recover damages

for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 14, 1993, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for partial summary judgment, and (2) an order of the same court, dated August 20, 1993, which denied the plaintiffs' motion, denominated a motion to renew or reargue, but which was, in actuality, a motion to reargue.

Ordered that the appeal from the order dated August 20, 1993, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 14, 1993, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well established that before a defendant may be held liable for negligence, it must be shown that the defendant owed a duty to the plaintiff. In the absence of a duty, there is no breach and without a breach there is no liability (see, Pulka v Edelman, 40 NY2d 781, 782; Palsgraf v Long Is. R. R. Co., 248 NY 339, 342). The Supreme Court properly concluded that the defendant did not owe a duty to the plaintiffs, and therefore, properly granted the defendant's motion for summary judgment.

Contrary to the plaintiffs' contention, the court properly denied their motion, denominated as one to renew or reargue, which was, in actuality, merely a motion for reargument, because the plaintiffs offered no excuse for the failure to produce the purported new information on the original motion for summary judgment (see, Wavecrest Apts. Corp. v Jarmain, 183 AD2d 711, 712). The appeal from the order dated August 20, 1993, must be dismissed, because no appeal lies from an order denying reargument (see, Wavecrest Apts. Corp. v Jarmain, supra, at 712). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.