■ JOSEPH DESOLA, Individually and as Parent and Natural Guardian of JOSEPH DESOLA, an Infant, Respondent, v MADS, INC., et al., Appellants, et al., Defendant. [623 NYS2d 889] —In an action to recover damages for personal injuries, etc., the defendants Mads, Inc., and Patrick Demasco appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated September 9, 1993, as granted the branch of the plaintiffs' motion which was for summary judgment dismissing the affirmative defense that the infant plaintiff had failed to utilize an available seat belt and (2) an order of the same court, dated November 17, 1993, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated November 17, 1993, is dismissed since no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 9, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well settled that "[t]o obtain summary judgment, it is

necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by the tender of evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; *see also, Zuckerman v City of New York,* 49 NY2d 557; *Olson v Smithtown Med. Specialists,* 197 AD2d 564; *Scanlon v Long Beach Publ. Schools,* 197 AD2d 567).

In support of the branch of their motion which was for summary judgment dismissing the affirmative defense that the infant plaintiff had failed to utilize an available seat belt, the plaintiffs submitted an excerpt from the examination before trial of the driver of the motor vehicle at which she testified that the infant plaintiff had been wearing a seat belt at the time of the accident and an affidavit of the infant plaintiff to the same effect. Such documentation, in the form of deposition testimony and an affid? rit of one with personal knowledge of the facts, is evidentiary proof in admissible form *(see,* CPLR 3212 [b]; *Olan v Farrell Lines,* 64 NY2d 1092, 1093; *Scanlon v Long Beach Publ. Schools,* 197 AD2d 567, *supra).*

In opposition, the defense counsel submitted an attorney's affirmation which stated that the defendants had "retained an expert witness * * * who is prepared to testify * * * that [the infant plaintiff's] injuries were caused and/or exacerbated due to [her] failure to utilize the seat belt available in the vehicle in which she was a passenger". However, the opposition papers did not include the expert's sworn report. Thus, the Supreme Court properly granted the branch of the plaintiffs' motion which was for summary judgment dismissing the affirmative seat-belt defense. The defense attorney's affirmation was insufficient to defeat that branch of the plaintiffs' motion, which was supported by evidentiary proof in admissible form *(see, Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717; *Bahlkow v Greenberg,* 185 AD2d 829).

Although in support of their subsequent motion for renewal and reargument, the defendants provided the expert's sworn report, they failed to offer a valid excuse for not submitting this report in support of their prior motion. When, as here, a movant, upon a motion denominated as one for renewal and reargument, has not demonstrated a valid excuse for the failure to produce the purportedly new information, the motion is actually one for reargument *(see, Wavecrest Apts. Corp. v Jarmain,* 183 AD2d 711, 712; *see also, Chiarella v Quitoni,* 178 AD2d 502; *Mucciola v City of New York,* 177 AD2d 553, 554); and it is well-settled that the denial of a motion to

reargue is not appealable *(see, Chiarella v Quitoni, supra; Mucciola v City of New York, supra; Konecky v Horowitz,* 177 AD2d 685; *Wodecki v Carty,* 167 AD2d 398).

In any event, although the Supreme Court incorrectly designated the defendants' second motion as one for renewal, it properly denied the motion on the basis that the "movants [had] not sufficiently explained the failure to submit available evidence" *(see, Konecky v Horowitz,* 177 AD2d 685, *supra).* Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.