■ GEORGETTE HALLIDAY, Respondent, v RICHARD B. HALLIDAY, Appellant. [630 NYS2d 767] —In a matrimonial action in which the parties were divorced by judgment dated January

30, 1992, the defendant husband appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated March 16, 1994, which deemed his motion, denominated, *inter alia,* as a motion for leave to reargue and renew the denial of his prior application to resettle a Qualified Domestic Relations Order dated December 10, 1992, as a motion for reargument, and denied reargument.

Ordered that the appeal is dismissed, with costs.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion by deeming his motion for reargument and renewal as, in actuality, a motion for reargument. Although the requirement that a motion for renewal be based upon newly-discovered facts is a flexible one *(see, Citibank v Olson,* 204 AD2d 381; *Karlin v Bridges,* 172 AD2d 644), where, as here, the party seeking renewal fails to offer a valid excuse as to why the allegedly new facts were not previously submitted, the motion is considered as one for reargument, the denial of which is not appealable *(see, DeSola v Mads, Inc.,* 213 AD2d 445; *Wavecrest Apts. Corp. v Jarmain,* 183 AD2d 711; *Chiarella v Quitoni,* 178 AD2d 582). Moreover, we note that no appeal lies from the underlying order denying resettlement of the decretal paragraphs of a prior order *(see, C.B. Foods v Quarex Co.,* 204 AD2d 504; *Chase v Willis,* 199 AD2d 455; *Blume v Blume,* 124 AD2d 771). Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.