■ DONALD MCGILL et al., Plaintiffs, v POLYTECHNIC UNIVERSITY et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. MANDEL MECHANICAL CORPORATION, Third-Party Defendant-Appellant-Respondent; AETNA CASUALTY & SURETY, Third-Party Defendant-Respondent-Appellant. [651 NYS2d 990] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant Mandel Mechanical Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated August 31, 1995, as (a) denied its motion denominated as a motion to

renew and reargue, but which was, in effect, a motion to reargue the motion of the defendants third-party plaintiffs Polytechnic University and Morse Diesel International for partial summary judgment and (b) failed to grant its separate cross motion for a stay of the trial, (2) the third-party defendant Aetna Casualty & Surety cross-appeals, as limited by its brief, from so much of the same order, as (a) denied that branch of its cross motion which was denominated as a motion to renew, but was, in effect, a motion to reargue the motion of the defendants third-party plaintiffs Polytechnic University and Morse Diesel International for partial summary judgment, and (b) denied as academic that branch of its cross motion which was for a severance of the third-party action insofar as asserted against it, and (3) the defendants third-party plaintiffs Polytechnic University and Morse Diesel International cross-appeal, as limited by their brief, from so much of the same order as denied as academic their cross motion for summary judgment and declaratory relief against Aetna Casualty & Surety.

Ordered that the appeal by Mandel Mechanical Corporation and the cross appeal by Aetna Casualty & Surety from so much of the order as denied the motion of Mandel Mechanical Corporation and that branch of the cross motion of Aetna Casualty & Surety which were, in effect, for reargument are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

This action arises out of a construction accident in which the plaintiff Donald McGill claimed that while he was working in the employ of Mandel Mechanical Corporation (hereinafter Mandel), he slipped and fell while entering the library building in which he was working and which was owned by Polytechnic University (hereinafter Polytechnic). Polytechnic and Morse Diesel International (hereinafter Morse), the construction manager on the project, commenced a third-party action against Aetna Casualty & Surety (hereinafter Aetna) and Mandel, *inter alia,* claiming that Mandel breached its contract with Morse by failing to procure primary liability insurance naming Polytechnic and Morse as additional insureds and seeking indemnification. The third-party complaint against Aetna, Mandel's insurance carrier, *inter alia,* alleged that Aetna failed to defend and indemnify Polytechnic and Morse in the main personal injury action.

Neither Mandel nor Aetna set forth a justifiable excuse for

failing to place the insurance policy in question, which was allegedly issued by Aetna and demonstrated Mandel's compliance with the terms of its contract with Morse, before the Supreme Court at the time Polytechnic and Morse made their original motion.

As the Supreme Court expressly noted, "[t]he dilatory conduct of the third-party defendants, and in particular Aetna, militate[d] against discretionary renewal of the prior motion" (see also, Diaz-Tirado v Rivera, 169 AD2d 576, 577). As we have stated, when, as in the case at bar, "a movant, upon a motion denominated as one for renewal and reargument, has not demonstrated a valid excuse for the failure to produce the purportedly new information, the motion is actually one for reargument * * * and it is well-settled that the denial of a motion to reargue is not appealable" (Desola v Mads, Inc., 213 AD2d 445, 446-447; Wavecrest Apts. Corp. v Jarmain, 183 AD2d 711, 712; see also, King v Rockaway One Co., 202 AD2d 395, 396 [motion for renewal was, in actuality, a motion for reargument where defendant failed to offer valid excuse for not submitting to court additional fact at the time of the original motion]). Accordingly, Mandel's appeal and Aetna's cross appeal from so much of the order as denied reargument must be dismissed.

We have examined the remaining arguments of the parties and find them to be without merit. Bracken, J. P., Thompson, Pizzuto and Santucci, JJ., concur.