■ KATHERINE CONRAD et al., Appellants, v UNITED SKATES OF AMERICA, INC., Respondent. [661 NYS2d 976] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated July 29, 1996, as granted that branch of the defendant's motion which was to preclude them from offering evidence at trial of Katherine Conrad's "present complaints" and lost earnings, and (2) from an order of the same court, dated January 17, 1997, which denied their motion denominated as one for renewal and reargument but which was, in effect, a motion for reargument.

Ordered that the order dated July 29, 1996, is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was to preclude the plaintiffs from offering evidence at trial of Katherine Conrad's "present complaints" and lost earnings is denied; and it is further,

Ordered that the appeal from the order dated January 17, 1997, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court properly concluded that the plaintiffs' motion denominated as one for renewal and reargument was actually a motion for reargument, the denial of which is not appealable (*see, McGill v Polytechnic Univ.,* 235 AD2d 402; *King v Rockaway One Co.,* 202 AD2d 395).

However, the court improvidently exercised its discretion in imposing the sanction of preclusion in its order dated July 29,

1996. The record on the defendant's motion to preclude does not demonstrate that the plaintiffs willfully failed to disclose information (*see*, CPLR 3126; *Goens v Vogelstein*, 146 AD2d 606). Further, the defendant has not been prejudiced because the material it sought contained the same information which was fully explored and disclosed at Katherine Conrad's deposition. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.