■ In the Matter of HUA NAN COMMERCIAL BANK, LTD., et al., Respondents, v SANTA ALBICOCCO et al., Appellants. [704

NYS2d 605] —In a proceeding pursuant to CPLR article 78, *inter alia*, in effect, to vacate the issuance of a tax deed by the appellant Santa Albicocco, the Treasurer of the County of Nassau, to Frank DiMaria, Frank DiMaria appeals from so much of (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Burke, J.), dated September 25, 1998, as granted the petition to the extent of vacating the tax deed on the ground that the petitioner Wu & Kao, P. L. L. C., had not been served with the notice to redeem, and denied his cross motion to dismiss the proceeding, and (2) an order of the same court, dated February 17, 1999, as granted the petitioners' motion for reargument and, upon reargument, vacated all sales, assignments, and other transactions based on the original sale of the property on the ground that the original sale violated an automatic stay of all proceedings under 11 USC § 362, and were therefore void ab initio, and denied his motion for reargument of his cross motion to dismiss the proceeding, and Santa Albicocco separately appeals from so much of the order dated February 17, 1999, as vacated the sales, assignments, and other transactions.

Ordered that the appeal by Frank DiMaria from so much of the order as denied his motion for reargument is dismissed, without costs or disbursements, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order is reversed insofar as reviewed, without costs or disbursements, and the petitioners' motion for reargument is denied; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly vacated the tax deed on the ground that Frank DiMaria was required to serve Wu & Kao, P. L. L. C., the attorney for Hua Nan Commercial Bank, Ltd., with a copy of the notice to redeem pursuant to Nassau County Administrative Code § 5-51.0 (a) as it was a legal representative of a party entitled to notice.

The Supreme Court, however, erred in granting the petitioners' motion for reargument because they raised an entirely new ground in their motion, and proffered no valid reason why that ground was not raised in the first motion (*see, Diorio v City of New York,* 202 AD2d 625). Thompson, J. P., Feuerstein, Schmidt and Smith, JJ., concur.