■ In the Matter of COREGIS INSURANCE COMPANY, Respondent, v LOUIS MICELI, Appellant, and ALLSTATE INSURANCE COMPANY et al., Respondents. [744 NYS2d 677] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Louis Miceli appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered March 14, 2001, which granted the petition and permanently stayed the arbitration.

■ In the Matter of COREGIS INSURANCE COMPANY, Respondent, v LOUIS MICELI, Appellant, and ALLSTATE INSURANCE COMPANY et al., Respondents. [744 NYS2d 694] —Separate motions by the petitioner-respondent Coregis Insurance Company and the respondent-respondent City of New Rochelle on an appeal from an order of the Supreme Court, Westchester County,

entered March 14, 2001, inter alia, to strike stated portions of the appellant's record and brief which contain and refer to an order of the same court, dated June 11, 2001, and the underlying papers on the ground that the order is one denying reargument and is not reviewable pursuant to CPLR 5517 (b).

Upon the papers submitted in support of the motions and the papers submitted in opposition thereto, it is

Ordered that the motions are granted and all references in the appellant's record and brief to the order dated June 11, 2001, and the underlying motion papers, which includes pages 246-369 of the record, are stricken as dehors the record.

Because no new facts were presented in connection with the appellant's motion for leave to renew and reargue before the Supreme Court, the court properly characterized the motion as one for reargument (*see Diorio v City of New York,* 202 AD2d 625, 626). No appeal lies from an order denying reargument (*see Nelson v Bushwick Family Health Ctr.,* 87 AD2d 837, 838). Accordingly, all references to the order of the court denying reargument and the underlying motion papers contained in the appellant's record and brief are stricken. Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.