[940 NE2d 530, 914 NYS2d 704]

In the Matter of Kᴇsᴇ Iɴᴅᴜsᴛʀɪᴇs et al., Respondents, v Rᴏsʟʏɴ Tᴏʀᴀʜ Fᴏᴜɴᴅᴀᴛɪᴏɴ et al., Appellants, et al., Respondents.

Argued October 13, 2010; decided November 17, 2010

486

**POINTS OF COUNSEL**

*Kenneth Cooperstein*, Centerport, for appellants. I. This Court should overrule *Matter of Hua Nan Commercial Bank v Albicocco* (270 AD2d 265 [2000]) because its construction of "legal representative" to mean attorneys of record is manifestly unreasonable. (*Facchin v Pekich*, 232 AD2d 447; *Etterle v Excelsior Ins. Co. of N.Y.*, 74 AD2d 436; *Briggs v Walker*, 171 US 466; *Sulz v Mutual Reserve Fund Life Assn.*, 145 NY 563; *Matthews v American Cent. Ins. Co.*, 154 NY 449; *Geoffroy v Gilbert*, 5 App Div 98, 154 NY 741; *Shiya v Erickson*, 156 Misc 738; *Kem Mfg. Corp. v Wilder*, 817 F2d 1517; *Western Steel Erection Co. v United States*, 424 F2d 737; *Mobay Chem. Co. v Hudson Foam Plastics Corp.*, 277 F Supp 413.) II. Notice to redeem from a tax lien given pursuant to Nassau County Administrative Code § 5-51.0 (a) need not be given to attorneys of record for parties in

interest and the referee in an unrelated foreclosure action concerning the subject premises where judgment of foreclosure has been entered, the notice of pendency expired 18 months earlier, and the foreclosure judgment has not been recorded in the block index—especially where the clients are sui juris and have received actual notice. (*Matter of Sakow*, 97 NY2d 436; *Horowitz v Griggs*, 2 AD3d 404; *Matter of Hua Nan Commercial Bank v Albicocco*, 270 AD2d 265; *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306; *Jones v Flowers*, 547 US 220; *Long Is. City Sav. & Loan Assn. v Suggs*, 78 Misc 2d 16; *Morgan v Ellenville Sav. Bank*, 55 AD2d 178; *Crisona v Macaluso*, 33 AD2d 569.) III. The issues are novel and they are important because the order of the Appellate Division will have an adverse impact on the public fisc in Nassau County.

*Pryor & Mandelup, L.L.P.*, Westbury (*John H. Hall, Jr.*, of counsel), for respondents. I. This Court should not overrule *Matter of Hua Nan Commercial Bank v Albicocco* (270 AD2d 265 [2000]) because the decision is consistent with the teachings of this Court, is a logical reading of the Nassau County Administrative Code, and is now precedent. (*Matter of McCann v Scaduto*, 71 NY2d 164; *Mennonite Bd. of Missions v Adams*, 462 US 791; *Jones v Flowers*, 547 US 220; *Matter of Wing v Ryan*, 255 App Div 163; *Briggs v Walker*, 171 US 466; *Etterle v Excelsior Ins. Co. of N.Y.*, 74 AD2d 436; *People v Hobson*, 39 NY2d 479; *Matter of Higby v Mahoney*, 48 NY2d 15.) II. The Court should uphold Justice LaMarca's decision that a referee should be provided with notice. (*Segal v Jackson*, 183 Misc 460; *Constellation Bank v Binghamton Plaza*, 236 AD2d 698.) III. The fact that a notice of pendency has expired has no effect upon the tax lienor's duty to provide notice to the mortgagee's foreclosure attorneys. (*Walter v State Bank of Albany*, 73 AD2d 406; *Matter of Sakow*, 97 NY2d 436; *Horowitz v Griggs*, 2 AD3d 404.) IV. Whether or not the foreclosure attorney can be found on the block index is irrelevant. V. Appellants' attempts to limit the notice requirement of the Nassau County Administrative Code are against public policy.

### OPINION OF THE COURT

Chief Judge LIPPMAN.

This appeal requires us to interpret whether the term "legal representative," which ordinarily denotes the executor or administrator of an estate, may encompass a party's retained legal counsel in a pending action. This question comes to us in

the context of Nassau County Administrative Code § 5-51.0, which sets out the duty of a tax lien purchaser to provide notice that a tax deed will be issued unless the right to redeem the lien is exercised. We conclude that the mortgagee's attorney in a pending foreclosure action concerning the same property is not a "legal representative" within the meaning of section 5-51.0, and that the court-appointed referee in a foreclosure action is not an interested party entitled to notice under section 5-51.0.

Roslyn Torah Foundation (RTF), a not-for-profit corporation that operates an orthodox synagogue and high school, purchased property in Roslyn, Nassau County, from the Theodore Roosevelt Council of the Boy Scouts of America (the Boy Scouts) in January 1998. At the time, RTF and the Boy Scouts executed a purchase money mortgage on the property for the principal amount of $1.2 million. RTF maintained a synagogue and high school on part of the parcel and the rest remained undeveloped. Three years later, RTF defaulted on its mortgage payments, causing the Boy Scouts to commence a foreclosure action in May 2002. At the time, notice of pendency was filed on the property, which expired no later than May 2005 and was not renewed. In October 2002, the Boy Scouts assigned the note and mortgage to respondent Kese Industries (Kese). Kese retained a foreclosure attorney to prosecute the foreclosure action begun by the Boy Scouts. Supreme Court entered a judgment of foreclosure and sale against RTF in March 2005 and appointed a referee to conduct the foreclosure sale. The sale was thereafter delayed by RTF's bankruptcy filings, which were ultimately dismissed by federal court.

In December 2003, RTF transferred all its property except for the lot that housed the synagogue and school to Roslyn Gate Corporation (Roslyn Gate). RTF failed to make any additional mortgage payments to Kese for several years and also defaulted on property taxes for the 2003-2004 school year and 2004 general tax year, when it neglected to file for tax exempt status.

In response to the default on property taxes, in February 2005, Nassau County issued a tax lien to appellant Gillen Living Trust, doing business as Jumbo Investments, for $67,596.67. Because of a delay in recording the prior subdivision and sale of part of RTF's property to Roslyn Gate, the tax lien was on the entire parcel of land. That is, both RTF's and Roslyn Gate's lots were subject to the tax lien.

Thomas Gillen, as trustee of the Gillen Living Trust, served a notice to redeem the tax lien on Kese, Roslyn Gate, RTF and

others in November 2006. However, it is uncontested that Gillen did not serve either Kese's foreclosure attorney or the foreclosure referee. Neither Kese nor Roslyn Gate exercised their right to redeem the property from the tax lien. Consequently, Nassau County issued a tax deed to Gillen, who then transferred ownership of the entire parcel of land to Siat Foundation by quitclaim deed for $444,000. Siat Foundation is a charitable organization affiliated with RTF that allowed RTF to continue operating its school and synagogue.

Kese and Roslyn Gate commenced this hybrid action/CPLR article 78 proceeding in June 2007 seeking an order (1) enjoining Siat from transferring the tax deed, (2) declaring the conveyance of the tax deed void, (3) declaring the tax deed void because Gillen did not adhere to the notice requirements of the Nassau County Administrative Code, (4) declaring the tax deed void because no taxes were due, (5) declaring that any real estate taxes owed be allocated to each of the lots separately and not as a single parcel, (6) declaring the sale of the original tax lien void, (7) directing the Nassau County Treasurer to rescind the tax deed, and (8) directing the Nassau County Treasurer to allow petitioners to redeem the tax lien.

Finding for Kese and Roslyn Gate, Supreme Court (1) voided and vacated the tax deed issued to Gillen, (2) vacated the quitclaim deed Gillen transferred to Siat because the notice to redeem was defective, (3) denied Gillen's motion seeking to dismiss the petition, (4) denied Kese's application for a tax exemption and other tax relief on the subject property because the time to apply for this relief had expired, and (5) held that Kese or Roslyn Gate or both might redeem the tax liens by paying any or all taxes determined to be due. (2007 NY Slip Op 34121[U] [2007].)

Supreme Court relied on Second Department precedent holding that section 5-51.0 of the Nassau County Administrative Code requires notice to be served on "legal representatives," which include a mortgagee's foreclosure attorney (*see Matter of Hua Nan Commercial Bank v Albicocco*, 270 AD2d 265 [2000]). The tax lien was found to be void inasmuch as Gillen did not serve Kese's attorney. The Appellate Division affirmed, finding the case controlled by *Hua Nan*. Accordingly, the Court ruled that "the law firm was a legal representative of a party entitled to notice" (62 AD3d 880, 881 [2d Dept 2009]). The Court did not reach the question of whether Gillen had complied with the other requirements of the notice provision, specifically whether

Gillen was also obligated to serve the court-appointed referee in the foreclosure action.

Although the Second Department adhered to its own recent precedent in *Hua Nan*, the outcome is predicated on a flawed construction of Nassau County Administrative Code § 5-51.0 (a), which provides:

> "The holder of any tax lien which is not satisfied, shall give notice to the occupant, owner in fee, trustee, mortgagee, judgment creditor or purchaser at any other county tax sale of a tax lien affecting the same property, and the heirs, *legal representatives* and assigns of any or either of them . . . *and any other person having a lien, claim or Interest* appearing of record on the premises affected by such sale. The words 'appearing on record' shall be construed to refer to any person on whom a notice is hereby required to be served, the nature and degree of whose Interest appears from the records kept by the County Clerk, County Treasurer, Surrogate of the County and receiver of taxes for the town or city in which the property is located" (emphasis added).

A legal representative is, in the ordinary sense, one "who manages the legal affairs of another because of incapacity or death" (*see* Black's Law Dictionary 1416-1417 [9th ed 2009]). Whereas an attorney of record is an agent of a party of interest, a legal representative is not an agent, but a principal who has been assigned the rights and obligations of the party.

Consistent with this definition, this Court, going back to the late 1800s, has held "the words 'legal representatives' mean ordinarily executors or administrators, and that meaning will be attributed to them in any instance unless there be facts existing which show that the words were not used in their ordinary sense, but to denote some other and different idea" (*Sulz v Mutual Reserve Fund Life Assn.*, 145 NY 563, 574 [1895]; *see also Griswold v Sawyer*, 125 NY 411, 413 [1891]; *Matthews v American Cent. Ins. Co.*, 154 NY 449, 462-463 [1897]). Even in the rare instances where the term has been found to signify something other than "executors or administrators," the meaning has not extended to a party's attorneys (*see e.g. Greenwood v Holbrook*, 111 NY 465, 471 [1888] [holding that in a certain agreement, "the phrase 'legal representatives' relates to children or descendants, and not executors or administrators"]).

This definition of "legal representative" corresponds with the case law of virtually every other state and federal court that has defined the term (*see e.g. Briggs v Walker*, 171 US 466, 471 [1898]; *Commissioner of Corps. & Taxation v Second Natl. Bank of Boston*, 308 Mass 1, 8, 30 NE2d 889, 894 [1941]; *Warnecke v Lembca*, 71 Ill 91, 92 [1873]; *McMahan v Greenwood*, 108 SW3d 467, 487 [Tex Ct App 2003]). The phrase "legal representatives" also appears in the Federal Rules of Civil Procedure. In that context, the federal courts have consistently interpreted the meaning to exclude attorneys qua attorneys (*see e.g. Western Steel Erection Co. v United States*, 424 F2d 737, 739 [10th Cir 1970] [holding that "an attorney does not have standing to move under (Federal Rules of Civil Procedure) rule 60(b) as a 'legal representative'" because "(a) 'legal representative' under the rule is one who by operation of law is tantamount to a party in relationship to the matter involved in the principal action"]; *see also Rende v Kay*, 415 F2d 983, 985 [DC Cir 1969] ["Although the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by (Federal Rules of Civil Procedure rule) 25(a)(1)"]). Indeed, the only case other than *Hua Nan* that sustains the position that a legal representative may be a party's attorney suggests that attorney is not the ordinary meaning of the term (*see Regents of Univ. of New Mexico v Lacey*, 107 NM 742, 744, 764 P2d 873, 875 [1988] ["In considering the ordinary and usual meaning of the words used in this statute, an interpretation that an attorney may be a legal representative is not unreasonable"]).

Moreover, the structure of the Nassau County Administrative Code itself compels the conclusion that the term "legal representatives" does not comprehend a foreclosure attorney. Section 5-51.0 (a) requires that notice be given to "the occupant, owner in fee, trustee, mortgagee, judgment creditor or purchaser . . . and the *heirs, legal representatives and assigns* of any or either of them." Guided by the familiar canon of construction of *noscitur a sociis*, we ordinarily interpret the meaning of an ambiguous word in relation to the meanings of adjacent words (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 239 ["words employed in a statute are construed in connection with, and their meaning is ascertained by reference to the words and phrases with which they are associated"]; *see e.g. Aikin v Wasson*, 24 NY 482, 484 [1862]). So construed, the term "legal repre-

sentatives," defined as "executors and administrators," fits logically between "heirs" and "assigns," insofar as all three groups have been assigned the rights and duties of the property owner and all are associated with Surrogate's Court practice. By contrast, defined as attorneys of record, the term "legal representatives" shares little in common with "heirs" and "assigns."

■ Finally, the presence of the term "attorney" in other related sections of the Nassau County Administrative Code suggests that the county legislature would have specified "attorneys" and not "legal representatives" in section 5-51.0 (a) if notice upon the attorney/agent were intended (*see e.g.* Nassau County Administrative Code § 5-51.0 [e] ["The County Treasurer, upon receiving a copy of such notice, together with an affidavit by the holder or his *attorney* or agent that service has been properly made" (emphasis added)]). We therefore conclude that the tax deed should not have been voided on the basis of the tax lien purchaser's failure to serve the mortgagee's foreclosure attorney with notice of redemption.

■ Petitioners-respondents also contend that the court-assigned referee in a foreclosure proceeding is a party of interest entitled to notice. As relevant, section 5-51.0 (a) requires that notice be served upon "any other person having a lien, claim or Interest appearing of record on the premises affected by such sale." Respondents claim that Gillen's failure to serve the assigned referee voided Gillen's tax deed. We reject this interpretation. As described in CPLR 4301, a "referee to determine an issue or to perform an act shall have all the powers of a court in performing a like function." In other words, the referee is an agent of the court who performs ministerial duties in place of a judge. The referee has no greater a legal interest in the property than the judge for whom he or she acts. Although the referee is obligated to pay taxes on the property, this duty derives only from the referee's ministerial role as a conduit for the transfer of ownership of the property and not from the referee's own pecuniary or proprietary interest.

Notwithstanding the earlier Appellate Division precedent to the contrary, case law and statutory analysis counsel that the legislative purpose of requiring service upon a "legal representative" is to ensure that personal representatives, namely executors or administrators of an estate, are notified of a risk of divestiture of title to their property. Because appellant Thomas Gillen, trustee of Gillen Living Trust, complied with section

5-51.0 of the Nassau County Administrative Code, we find the notice to redeem properly served and remit for further proceedings, including the resolution of the status of the tax deed.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.