Bock Realty Corp. v Clean Rite Center-1332 Flatbush Ave., LLC (2025 NY Slip Op 05663)

Bock Realty Corp. v Clean Rite Center-1332 Flatbush Ave., LLC

2025 NY Slip Op 05663

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-01133
 (Index No. 509134/20)

[*1]Bock Realty Corp., respondent, 
v
Clean Rite Center-1332 Flatbush Ave., LLC, appellant.

Mark S. Friedlander, New York, NY, for appellant.
Gleich, Farkas & Emouna LLP, Great Neck, NY (Gabriel A. Leventhal of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for ejectment, the defendant appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated October 13, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action to recover past due fixed and additional rent and for an award of attorneys' fees, costs, and disbursements and, in effect, denied the defendant's request to search the record and award it summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was the owner of certain commercial real property, which it rented to the defendant pursuant to a written lease. The lease required the defendant to pay both fixed rent and additional rent comprised of certain real estate taxes and water charges. When the defendant failed to pay the rent beginning in April 2020, the plaintiff sent demand letters for payment of rent and, thereafter, for surrender of possession of the premises, with which the defendant failed to comply.
The plaintiff commenced this action for ejectment, to recover unpaid rent, and for an award of attorneys' fees, costs, and disbursements as allowed under the terms of the lease. After joinder of issue, the plaintiff moved, among other things, for summary judgment on the issue of liability on its causes of action to recover past due fixed and additional rent and for an award of attorneys' fees, costs, and disbursements. The defendant opposed the motion and requested that the Supreme Court search the record and award it summary judgment dismissing the complaint. By order dated October 13, 2023, the court, inter alia, granted those branches of the plaintiff's motion and, in effect, denied the defendant's request to search the record and award it summary judgment dismissing the complaint. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court did not err in construing the complaint as setting forth, in addition to an ejectment cause of action, causes of action to recover past due fixed and additional rent and for an award of attorneys' fees, costs, and disbursements (see CPLR 3026; see also RPAPL 601; Marini v Lombardo, 79 AD3d 932, 935). The complaint, to which the lease and demand letters were attached, alleged that the defendant failed to pay the rent that came due under the lease beginning in April 2020, that the plaintiff duly sent written demand [*2]therefor to the defendant, and that the defendant nevertheless failed to make the required payments. The complaint expressly requested damages for the amounts owed under the lease as well as attorneys' fees, costs, and disbursements.
Furthermore, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the issue of liability on its causes of action to recover past due fixed and additional rent and for an award of attorneys' fees, costs, and disbursements. Contrary to the defendant's contention, the plaintiff submitted evidence in admissible form demonstrating its entitlement to this relief, including affidavits of Ellen Bock and Charles Bock, averring, based upon their own personal knowledge, that the defendant failed to pay rent (see CPLR 3212[b]; Desola v Mads, Inc., 213 AD2d 445, 446). In opposition, the defendant failed to raise any triable issues of fact.
The parties' remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court